**EXHIBIT 1**

1   STEVEN J. COLOGNE, ESQ. (Bar No. 118534)
    scologne@higgslaw.com
2   MICHAEL R. GIBSON, ESQ. (Bar No. 199272)
    gibsonm@higgslaw.com
3   HIGGS, FLETCHER & MACK LLP
    401 West "A" Street, Suite 2600
4   San Diego, CA 92101-7913
    TEL: 619.236.1551
5   FAX: 619.696.1410

6   Attorneys for Plaintiff
    R & R SAILS, INC. dba HOBIE CAT COMPANY
7

8

9               SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

                          NORTH COUNTY DIVISION
10

11

12  | R & R SAILS, INC. dba HOBIE CAT | CASE NO. 37-2011-00053159-CU-BT-NC |
    | COMPANY, |
13
    |  | **FIRST AMENDED COMPLAINT FOR:** |
14  | Plaintiff, |
    |  | 1.  UNFAIR COMPETITION/INJUNCTIVE |
15  | v. | RELIEF PURSUANT TO CALIFORNIA |
    |  | BUSINESS AND PROFESSIONS CODE |
16  | PREMIER INCENTIVE GROUP, LLC; | SECTION 17200; |
    | COSTCO CORPORATION; and |
17  | DOES 1-100, Inclusive, | 2.  INTENTIONAL INTERFERENCE |
    |  | WITH CONTRACTUAL RELATIONSHIP; |
18  | Defendants. |
    |  | 3.  NEGLIGENT INTERFERENCE WITH |
19  |  | ECONOMIC RELATIONS; |

20  4. UNJUST ENRICHMENT; AND

21  5. FRAUD

22  JUDGE:        Earl H. Maas, III
    DEPT:         N-28
    DATED FILED:  April 7, 2011
23

24

25

26

27

28

HIGGS, FLETCHER    1006975.1
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

FILED
NORTH COUNTY DIVISION
2011 APR 11  PM 2: 14
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

EXHIBIT 1
PAGE 9

COMES NOW Plaintiff R & R SAILS, INC. dba HOBIE CAT COMPANY ("Hobie Cat" or the "Plaintiff"), and alleges the following causes of action against Defendants PREMIER INCENTIVE GROUP, LLC ("Premier"), COSTCO CORPORATION ("Costco") and DOES 1-100 (collectively, the "Defendants") as follows:

## I.

## THE PARTIES

1.     Hobie Cat, a corporation organized and existing under the laws of the State of Missouri, having its principal place of business at 4925 Oceanside Boulevard, Oceanside, California 92056, is and was at all times relevant herein an organization authorized to transact business in the State of California.

2.     The Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Premier was and is a Nevada limited liability company and purports to provide the following services to its clients: sales incentives, dealer incentives, recognition programs, employee motivation, customer loyalty programs, executive awards, corporate gifting, in-room gifts and tournament awards.

3.     The Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Costco was and is a Washington corporation and is the largest membership warehouse club chain in the United States with stores throughout California and the United States.

4.     The true names and capacities of DOE defendants named herein as DOES 1-100 are unknown to the Plaintiff who therefore sue such defendants by fictitious names. The Plaintiff will seek leave to amend their first amended complaint to allege the true names and capacities of such DOE defendants when the same are ascertained. The Plaintiff is informed and believes, and thereon alleges, that each of the defendants sued herein as a DOE is and was responsible in some manner for the damages alleged in this First Amended Complaint.

5.     The Plaintiff believes that each defendant is and at all relevant times was the agent or employee of each of the remaining defendants and, in committing the acts herein alleged, was acting within the scope of his, her or its authority as agent or employee and with the permission, knowledge and consent of the remaining defendants.

EXHIBIT 1
PAGE 10

6.    All allegations in this first amended complaint are based upon information and belief and are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

7.    All allegations in this first amended complaint are based upon information and belief and are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## II.

## JURISDICTION

8.    Jurisdiction is appropriate in this judicial district because the parties all transact business in this district, and the event leading up to this dispute occurred within this district.

## III.

## FACTUAL BACKGROUND

9.    Hobie Cat designs and manufactures several types of boats and kayaks. Those goods are then distributed to consumers worldwide through a complex network of sales representatives and dealers appointed and authorized by Hobie Cat. Such appointments confer upon select sales representatives and dealers certain exclusive rights to distribute Hobie Cat products within defined geographic territories.

10.   Hobie Cat invests great time and effort to develop and enforce policies and procedures that are communicated and understood by its sales representatives and dealers. These policies and procedures include "transshipping" its products (that is, marketing, transferring, distributing or otherwise selling Hobie Cat products in contravention of established polices and procedures. At the same time, Hobie Cat honors the commitment of its sales representatives and dealers by NOT selling its products outside this sales and dealer chain. Only on rare occasions and for strict promotional purposes where a customer represents or warrants that the Hobie Cat products are intended for a major corporate employee incentive award program will Hobie Cat make such direct sales.

11.   In Summer 2010, David Russell of Premier began a dialogue with Hobie Cat about purchasing 100 Hobie Cat Mirage Oasis kayaks. According to Mr. Russell, the kayaks were to be

3

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO
1006975.1
FIRST AMENDED COMPLAINT

EXHIBIT 1
PAGE 11

1    used by one of Premier's insurance company clients for employee incentives.  Based upon the

2    volume being purchased, Hobie Cat offered special pricing and free shipping to Premier.  The

3    cost for the kayaks was $161,900.  On or about November 22, 2010, Hobie Cat shipped 100

4    kayaks to Premier in Las Vegas, Nevada based upon Premier's representations and assurances.  A

5    true and correct copy of the written invoice reflecting this agreement is attached hereto as Exhibit

6    "1."  Prior to shipping the kayaks, Hobie Cat made note of the serial number of each kayak being

7    shipped to Premier.

8         12.    On or about April 2, 2011 Hobie Cat employees discovered its Hobie Mirage

9    Oasis on display at Costco Warehouse in Carlsbad, CA.  One boat was unwrapped, displayed

10   vertically without seats but with the patented Mirage Drive in plain view.  Two stock boats were

11   on floor in its original factory wrap marked 'special'.  In discussions with Costco employees it

12   was noticed on a computer screen the name Steve Hardie National Clothing Group and phone

13   number in Kirkland, WA was below the name Oasis.

14        13.    On or about April 3, 2011, Hobie Cat confirmed both serial numbers obtained at

15   Costco for the wrapped kayaks were a match for serial numbers sold to Premier in November,

16   2010.  Hobie Cat complained to representatives at the Costco warehouse in Carlsbad.  These

17   representatives were unable to determine the locations for other Hobie kayaks.  It is believed that

18   5 locations in Northern California including but not limited to store locations in Redding, Chico

19   and Corte Madera may have Hobie kayaks.

20        14.    The locations for other numbers of kayaks sold to Premier are unknown and of

21   grave concern to Hobie Cat.  On information and belief, Hobie Cat believes buyers for Premier or

22   Costco whose name Premier refuses to divulge may be illegally selling kayaks to Costco or

23   Costco subsidiaries for resale at Costco warehouses.  For several years prior to discovering the

24   kayaks at Costco, Hobie Cat had received several inquiries from Costco about selling Hobie Cat

25   Mirage kayaks in its stores.  Hobie Cat consistently declined the requests as Costco does not fit

26   into Hobie Cat's distribution model.

27        15.    Hobie Cat alleges, on information and belief, that Premier sold or transferred

28   Hobie Cat products to Costco, or otherwise allowed said products to be sold or transferred to

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW.
SAN DIEGO

1006975.1                                                        4

FIRST AMENDED COMPLAINT

EXHIBIT _1_
PAGE _12_

1     Costco, without the authorization of Hobie Cat and in contradiction of Premier's express

2     representations to Hobie Cat.

3         16.     Hobie Cat alleges, on information and belief, that the Defendants' conduct has

4     caused immeasurable harm to it, its protected trademarks and intellectual property, its goodwill

5     with its customers, authorized sales representatives and dealers, jeopardizes Hobie Cat's

6     relationships with its sales representatives and dealers, dilutes the pricing and profitability of

7     Hobie Cat's products, thwarts Hobie Cat's strategic marketing campaigns, and has otherwise

8     caused and continues to cause irreparable harm to Hobie Cat.

9                                    **IV.**

10                      **FIRST CAUSE OF ACTION**

11             **(Unfair Competition against All Defendants)**

12         17.     The Plaintiff realleges and incorporates by reference each of the preceding

13     paragraphs set forth above, as though fully set forth herein.

14         18.     The Defendants, and each of them, have committed acts of unfair competition as

15     defined by California Business and Professions Code sections 17200 et seq., by their conduct.

16         19.     The Plaintiff is informed and believes and on that basis alleges the Defendants,

17     and each of them, have wrongfully and unlawfully misappropriated, diverted, distributed, and/or

18     sold Hobie Cat products.

19         20.     The Defendants, by their above-referenced conduct, have engaged in unlawful

20     business practices with respect to Plaintiff's absolute and exclusive right to control and direct

21     the distribution of Hobie Cat products.

22         21.     The Plaintiff is informed and believes and on that basis alleges that the unlawful

23     practices alleged above are continuing in nature and are widespread practices engaged in by

24     the Defendants, and each of them.

25         22.     On behalf of the general public, the Plaintiff respectfully requests that an

26     injunction issue against the Defendants, and each of them, to enjoin such defendants from

27     continuing to engage in the unlawful business practices alleged in this first amended complaint.

28         23.     On behalf of the general public, Plaintiff requests that the Court order the

HIGGS, FLETCHER
& MACK LLP.
ATTORNEYS AT LAW
SAN DIEGO

1006975.1

5

FIRST AMENDED COMPLAINT

EXHIBIT ___1___
PAGE ___13___

1    Defendants be required to disgorge the profits they have wrongfully obtained through the use

2    of the Defendants' unlawful business practices as alleged above, together with all other resulting

3    damages, costs and fees.

4                         **V.**

5                 **SECOND CAUSE OF ACTION**

6     **(Intentional Interference With Contractual Relations against All Defendants)**

7         24.     The Plaintiff realleges and incorporates by reference each of the preceding

8    paragraphs set forth above, as though fully set forth herein.

9         25.     At all relevant times there existed a contractual relationship between the Plaintiff

10    and its sales representatives and dealers, which afforded, and continues to afford, contractual

11    rights and a future expectancy of ongoing and continuing sales and business.

12         26.     The Plaintiff alleges on information and belief that Defendants knew of the

13    existence of these contracts.

14         27.     The Plaintiff alleges on information and belief that the Defendants without

15    justification intended to disrupt the performance of these contracts by, among other things,

16    transporting, warehousing, buying and selling Hobie Cat products that were knowingly diverted.

17         28.     The Plaintiff alleges on information and belief that the Defendants' conduct

18    prevented contractual performance or made performance more expensive or difficult.

19         29.     The Defendants' conduct was a substantial factor in causing damages to Plaintiff,

20    including, but not limited to, lost revenues and profits, damage to Plaintiff's business

21    relationships, damages to Plaintiff's branding, and costs and expenses associated in dealing

22    with and tracing diverted Hobie Cat products, in such amount as may be proven at the time of

23    trial.

24                        **VI.**

25                **THIRD CAUSE OF ACTION**

26     **(Negligent Interference With Economic Relations against All Defendants)**

27         30.     The Plaintiff realleges and incorporates by reference each of the preceding

28    paragraphs set forth above, as though fully set forth herein.

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

1006975.1

FIRST AMENDED COMPLAINT

EXHIBIT ___

PAGE _14_

31.    Plaintiff at all relevant times had economic relations with existing and prospective appointed and authorized sales representatives and dealers who have or would have the exclusive right to sell Hobie Cat products in defined territories, which afforded, and continues to afford, contractual rights and a future expectancy of ongoing and continuing sales and business.

32.    The Plaintiff alleges on information and belief that the Defendants knew or should have known of these relationships.

33.    The Plaintiff alleges on information and belief that the Defendants knew or should have known that these relationships would have been disrupted if the Defendants failed to use reasonable care.

34.    The Plaintiff alleges on information and belief that the Defendants negligently and without justification interfered with such business and contractual relationships and contracts by, among other things, violating the Plaintiff's duly appointed and authorized sales representatives and dealers' exclusive right to sell Hobie Cat products in defined territories, inducing customers not to purchase Hobie Cat products from the duly appointed and authorized sales representatives and dealers, and making unauthorized sales of Hobie Cat Products.

35.    The Defendants' conduct was a substantial factor in causing damages to the Plaintiff, including, but not limited to, lost revenues and profits, damage to the Plaintiff's business relationships, damages to the Plaintiff's branding, and costs and expenses associated in dealing with and tracing diverted Hobie Cat products, in such amounts as may be proven at the time of trial.

VII.

**FOURTH CAUSE OF ACTION**

**(Unjust Enrichment against All Defendants)**

36.    The Plaintiff realleges and incorporates by reference each of the preceding paragraphs set forth above, as though fully set forth herein.

37.    The Defendants have illegally or improperly received, sold, transferred, and distributed Hobie Cat products.

7

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

1006975.1

FIRST AMENDED COMPLAINT

EXHIBIT   1
PAGE   15

38.     Under the circumstances alleged herein, it would be unjust, unfair, and inequitable to allow the Defendants to receive or retain the benefits of their unlawful distribution of Hobie Cat products.

39.     As a direct and proximate result of their unlawful conduct, the Defendants have been unjustly enriched, and the Plaintiff has been damaged, in an amount to be proven at trial.

40.     By virtue of the Defendants' unjust enrichment at the Plaintiff's expense, the Plaintiff is entitled to an order and judgment of this Court (a) compelling the Defendants to disgorge all funds unjustly, unfairly, or inequitably received, disbursed, or retained, and (b) requiring restitution of those funds to the Plaintiff.

## VIII.

## **FIFTH CAUSE OF ACTION**

### **(Fraud against Premier and DOES 1-100)**

41.     The Plaintiff realleges and incorporates herein by this reference each and every allegation contained in the preceding paragraphs of this first amended complaint as though fully set forth herein.

42.     Between Summer 2010 and November 2010, Premier and DOES 1-100 represented and guaranteed to the Plaintiff that they were purchasing the kayaks as part of an incentive program for a client.

43.     In making these representations, Premier and DOES 1-100 intended to, and did, induce the Plaintiff to act on the representations that Premier and DOES 1-100 would use the kayaks only for this stated purpose.

44.     Premier and DOES 1-100 knew or should have known that the Plaintiff was relying upon their representations and assurances. In fact, however, Premier and DOES 1-100 did not intend on using the kayaks for the stated purpose.

45.     Had Premier and DOES 1-100 accurately and truthfully represented the fact that they did not intend on using the kayaks for a client's incentive program, the Plaintiff would have acted to protect its rights and would not have relied upon Premier and DOES 1-100's representations and assurances.

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

1006975.1

FIRST AMENDED COMPLAINT

EXHIBIT ___
PAGE _16_

46.   As a proximate result of the actions and representations of Premier and DOES 1-100, the Plaintiff has been damaged by Premier and DOES 1-100's failure to adhere to their representations and assurances.

47.   Such actions by Premier and DOES 1-100 constitute actual or constructive fraud in that Premier and DOES 1-100 promised the Plaintiff the kayaks would be used for a client's incentive program, yet never intended to use the kayaks for that purpose.

48.   As a proximate and foreseeable result of Premier and DOES 1-100's actions in this regard, the Plaintiff has suffered damages as set forth herein, the exact amount of which will be subject to proof at trial.

49.   The Plaintiff is informed and believes, and thereon alleges, that Premier and DOES 1-100 and the Defendants, and each of them, have materially assisted one another and have acted as agents one for the other in doing the things herein alleged, and were acting within the course and scope of such agency and/or employment and with the consent, permission or ratification of said Premier and DOES 1-100 and the Defendants, and were acting on their own behalf, and on the behalf of each of them.

50.   As a direct and proximate result of the acts of Premier and DOES 1-100 and the Defendants, and each of them, the Plaintiff has been damaged in a sum in excess of this Court's jurisdiction, the exact amount of which will be subject to proof at trial.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays for judgment against the Defendants, and each of them, as follows:

1.   For an order requiring the Defendants, and each of them, to turn over possession of the Hobie Cat products pending entry of judgment;

2.   For an order requiring the Defendants, and each of them, to disgorge the profits they wrongfully obtained through their unfair business practices;

3.   For compensatory and consequential damages according to proof at trial;

4.   For interest at the maximum legal rate;

5.   For a temporary, preliminary and permanent injunction against the Defendants,

9

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

1006975.1

FIRST AMENDED COMPLAINT
EXHIBIT 1
PAGE 17

1  and each of them, restraining, preventing and enjoining the Defendants from transferring any of

2  the Hobie Cat products, from engaging in the unfair business practices alleged above, and

3  preserving the Hobie Cat products in each of their respective possession, custody or control

4  until further order of the Court;

5       6.    For punitive damages according to proof at trial;

6       7.    For costs of suit, including reasonable attorneys' fees and expert fees incurred

7  in this action, but only to the extent permitted by law; and

8       8.    For such other and further relief as the Court deems just and proper.

9

DATED: April 8, 2011          HIGGS, FLETCHER & MACK LLP

10

11

12                  By:_____

                  STEVEN J. COLOGNE, ESQ.

13                    MICHAEL R. GIBSON, ESQ.

                  Attorneys for Plaintiff

14                    R & R SAILS, INC. dba HOBIE CAT

                  COMPANY

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

1006975.1

FIRST AMENDED COMPLAINT

EXHIBIT ____

PAGE ___18___

# EXHIBIT 1

EXHIBIT  1
PAGE  19

Page: 1

# Invoice

Hobie Cat Company
4925 Oceanside Blvd.
Oceanside, CA 92056-3044
(760) 758-9100

Invoice Number: 0269099-IN
Invoice Date: 11/22/2010

Order Number: 0144931
Order Date: 10/8/2010
Salesperson: 0008
Customer Number: PRINNV

Sold To:
PREMIER INCENTIVE GROUP, LLC
5525 S. VALLEY VIEW BLVD.
SUITE 10
LAS VEGAS, NV 89118
Confirm To:
Dave Russell

Ship To:
PREMIER INCENTIVE GROUP, LLC
5525 S. VALLEY VIEW BLVD.
SUITE 10
LAS VEGAS, NV 89118

| Customer P.O. | Ship VIA | F.O.B. | Terms |
|---|---|---|---|
| 7377  rt | TPD | | CASH IN ADVANCE |

| Item Number | Unit | Ordered | Shipped | Back Ordered | Price | Amount |
|---|---|---|---|---|---|---|
| 820334 | EA | 100.000 | 100.000 | 0.000 | 1,619.00 | 161,900.00 |
| KAYAK OASIS - PAPAYA | | | Whse: 000 | | | |

QUALIFIES FOR 100-BOAT PRICING AND FREE FREIGHT.
PAYMENT IN FULL DUE AT HOBIE CAT ON OR BEFORE 11/1/10 TO RETAIN
PRICING AND FREE FREIGHT.
INCENTIVE SALES TO BE FULFILLED THROUGH INSURANCE CO. CLIENT.
THANKS FOR YOUR ORDER!
CUSTOMER REQUESTS DELIVERY 11/22

| | |
|---|---|
| Net Invoice: | 161,900.00 |
| Less Discount: | 0.00 |
| Freight: | 0.00 |
| Sales Tax: | 0.00 |
| Invoice Total: | 161,900.00 |



EXHIBIT 1
PAGE 20

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
STREET ADDRESS:      325 S. Melrose
MAILING ADDRESS:     325 S. Melrose
CITY AND ZIP CODE:   Vista, CA 92081
BRANCH NAME:         North County
TELEPHONE NUMBER:    (760) 201-8028

PLAINTIFF(S) / PETITIONER(S):      R & R Sails, Inc

DEFENDANT(S) / RESPONDENT(S):  Premier Incentive Group, LLC et.al.

R & R SAILS, INC VS. PREMIER INCENTIVE GROUP, LLC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2011-00053159-CU-BT-NC |
|---|---|

Judge:  Earl H. Maas, III                                      Department: N-28

COMPLAINT/PETITION FILED: 04/07/2011

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except:  small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants, and a Certificate of Service (SDSC form #CIV-345) filed within 60 days of filing.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

DEFAULT:  If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.  (SDSC Local Rule 2.1.7)

CASE MANAGEMENT CONFERENCE:  A Case Management Conference will be set within 150 days of filing the complaint.

ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE.  PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION.  IF THE CASE IS ORDERED TO ARBITRATION PURSUANT TO CODE CIV. PROC. 1411.11, THE COSTS OF ARBITRATION WILL BE PAID BY THE COURT PURSUANT TO CODE CIV. PROC. 1141.28.

FOR MORE INFORMATION, SEE THE ATTACHED ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730)

SDSC CIV-721 (Rev. 11-06)                          **NOTICE OF CASE ASSIGNMENT**                          Page: 1

EXHIBIT 1
PAGE 2



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2011-00053159-CU-BT-NC      CASE TITLE: R & R Sails, Inc vs. Premier Incentive Group, LLC

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
        (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
        (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
        (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

## Potential Advantages and Disadvantages of ADR
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

## Most Common Types of ADR
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

EXHIBIT 1
PAGE 22

1

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

<u>Local ADR Programs for Civil Cases</u>

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

<u>On-line mediator search and selection:</u> Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule <u>2.2.1</u> for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules <u>Division II, Chapter III</u> and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

<u>More information about court-connected ADR</u>: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

<u>Legal Representation and Advice</u>

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

EXHIBIT 1
PAGE 23

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

STREET ADDRESS: 325 S. Melrose

MAILING ADDRESS: 325 S. Melrose

CITY, STATE, & ZIP CODE: Vista, CA 92081-6695

BRANCH NAME: North County

PLAINTIFF(S):   R & R Sails, Inc DBA Hoble Cat Company

DEFENDANT(S): Premier Incentive Group, LLC et.al.

SHORT TITLE:   R & R SAILS, INC VS. PREMIER INCENTIVE GROUP, LLC

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2011-00053159-CU-BT-NC |
|---|---|

Judge: Earl H. Maas, III                                    Department: N-28

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                            ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                   ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

Name of Plaintiff                             Name of Defendant

Signature                                     Signature

Name of Plaintiff's Attorney                  Name of Defendant's Attorney

Signature                                     Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 04/07/2011                             _____
                                              JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)          **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**          Page: 1

EXHIBIT _1_
PAGE _24_                3

FIRST AMENDED **SUMMONS** **SUM-100**
**(CITACION JUDICIAL)**

**NOTICE TO DEFENDANT:** PREMIER INCENTIVE GROUP, LLC;
**(AVISO AL DEMANDADO):** COSTCO CORPORATION AND DOES 1-
100, INCLUSIVE

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*
FILED
NORTH COUNTY DIVISION
2011 APR 11 PM 2:14
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:** R & R SAILS, INC. dba
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** HOBIE CAT COMPANY

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California San Diego<br>North County Division<br>325 S. Melrose Drive<br>Vista, CA 92081 | **CASE NUMBER:**<br>*(Número del Caso):* |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Steven J. Cologne, 118534          619 236 1551    619 696 1410
Michael R. Gibson, 199272
Higgs, Fletcher & Mack
401, West A Street, Suite 2600, San Diego, CA 92101

| DATE: **APR 11 2011** | Clerk, by _____, Deputy |
|---|---|
| *(Fecha)* | *(Secretario)*                      *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

EXHIBIT 2
PAGE 25

EXHIBIT 3

1  STEVEN J. COLOGNE, ESQ. (Bar No. 118534)
   scologne@higgslaw.com
2  MICHAEL R. GIBSON, ESQ. (Bar No. 199272)
   gibsonm@higgslaw.com
3  HIGGS, FLETCHER & MACK LLP
   401 West "A" Street, Suite 2600
4  San Diego, CA 92101-7913
   TEL: 619.236.1551
5  FAX: 619.696.1410

6  Attorneys for Plaintiff
   R & R SAILS, INC. dba HOBIE CAT COMPANY
7

8

   **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
9
   **NORTH COUNTY DIVISION**
10

11

12 R & R SAILS, INC. dba HOBIE CAT          CASE NO.  37-2011-00053159-CU-BT-NC
   COMPANY,
13                                          **EX PARTE APPLICATION FOR:**

14                        Plaintiff,        **(1) TEMPORARY RESTRAINING
                                            ORDER; AND**
15      v.
                                            **(2) ORDER TO SHOW CAUSE RE:
16 PREMIER INCENTIVE GROUP, LLC;            PRELIMINARY INJUNCTION**
   COSTCO CORPORATION; and
17 DOES 1-100, Inclusive,                   EX PARTE HEARING ASSIGNED TO:

18                        Defendants.       DATE:       April 19, 2011
                                            TIME:       9:00 a.m.
19                                          DEPT:       NC-30
                                            JUDGE:      Hon. Thomas P. Nugent
20
                                            CASE ASSIGNED TO:
21
                                            DEPT:       NC-28
22                                          JUDGE:      Hon. Earl H. Maas, III

23      **TO THE COURT AND ALL PARTIES:**

24      In this ex parte application, Plaintiff R & R SAILS, INC. dba HOBIE CAT COMPANY

25 ("Hobie Cat" or the "Plaintiff"), seeks a narrow order designed to prevent Defendants PREMIER

26 INCENTIVE GROUP, LLC ("Premier") and COSTCO CORPORATION ("Costco," and

27 collectively, the "Defendants") from selling, transferring, distributing or otherwise disposing of

28

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

EXHIBIT 3
PAGE 26

EX PARTE APPLICATION RE: TRO

1   Hobie Cat products during the pendency of these proceedings.  Once the status quo is preserved,

2   the parties can brief the merits of a preliminary injunction.

3       In November 2010, Hobie Cat sold 100 kayaks to Premier in Las Vegas based upon

4   representations and assurances the kayaks were to be used solely by one of Premier's insurance

5   company clients for employee incentives.  However, earlier this month, Hobie Cat discovered

6   several of these same kayaks for sale at a Costco warehouse in San Diego County.

7       These actions were without the Plaintiff's permission and were not justified, and are the

8   result of a fraudulent conspiracy and scheme by the Defendants.  Despite Hobie Cat's requests for

9   cooperation from the Defendants, the Defendants have refused to inform Hobie Cat how product

10  that was shipped to Las Vegas for a specific purpose wound up for sale at Costco in San Diego

11  County.  The Defendants' acts herein alleged were made with the intent to deceive and defraud

12  Hobie Cat, and conceal the facts from it.  The resultant damage to Hobie Cat cannot presently be

13  quantified in monetary compensation, further supporting the issuance of the requested relief.

14      This application is made pursuant to Code of Civil Procedure sections 526, 527, 512.020

15  and 513.010.  This application is based upon the accompanying memorandum in support, the

16  declarations of Ruth Triglia and Steven J. Cologne, and the proposed order filed herewith.

17  DATED:  April 14, 2011                        HIGGS, FLETCHER & MACK LLP

18

19

20                                              By: _____
                                                    STEVEN J. COLOGNE, ESQ.
20                                                  MICHAEL R. GIBSON, ESQ.
                                                    Attorneys for Plaintiff
21                                                  R & R SAILS, INC. dba HOBIE CAT
                                                    COMPANY
22

23

24

25

26

27

28

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

1006881.1                                   2

EXHIBIT 3
PAGE 27

1   STEVEN J. COLOGNE, ESQ. (Bar No. 118534)
    scologne@higgslaw.com
2   MICHAEL R. GIBSON, ESQ. (Bar No. 199272)
    gibsonm@higgslaw.com
3   HIGGS, FLETCHER & MACK LLP
    401 West "A" Street, Suite 2600
4   San Diego, CA 92101-7913
    TEL: 619.236.1551
5   FAX: 619.696.1410

6   Attorneys for Plaintiff
    R & R SAILS, INC. dba HOBIE CAT COMPANY
7

8              SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
9
                        NORTH COUNTY DIVISION
10

11
    R & R SAILS, INC. dba HOBIE CAT          CASE NO. 37-2011-00053159-CU-BT-NC
12  COMPANY,
                                             MEMORANDUM IN SUPPORT OF EX
13                                           PARTE APPLICATION FOR:
                        Plaintiff,
14                                           (1) TEMPORARY RESTRAINING
    v.                                       ORDER; AND
15
    PREMIER INCENTIVE GROUP, LLC;            (2) ORDER TO SHOW CAUSE RE:
16  COSTCO CORPORATION; and                  PRELIMINARY INJUNCTION
    DOES 1-100, Inclusive,
17                                           EX PARTE HEARING ASSIGNED TO:
                        Defendants.
18                                           DATE:      April 19, 2011
                                             TIME:      9:00 a.m.
19                                           DEPT:      NC-30
                                             JUDGE:     Hon. Thomas P. Nugent
20
                                             CASE ASSIGNED TO:
21
                                             DEPT:      NC-28
22                                           JUDGE:     Hon. Earl H. Maas, III

23                                    I.

24                        PRELIMINARY STATEMENT

25          Plaintiff R & R SAILS, INC. dba HOBIE CAT COMPANY ("Hobie Cat") hereby

26  submits this Memorandum in support of its Ex Parte Application for:  (1) Temporary Restraining

27  Order, and (2) Order to Show Cause Re: Preliminary Injunction as against Defendants PREMIER

28

EXHIBIT 3
PAGE 28

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

1  INCENTIVE GROUP, LLC ("Premier") and COSTCO CORPORATION ("Costco," and

2  collectively, the "Defendants").

## II.

### AN EX PARTE ORDER IS
### REQUIRED TO PRESERVE THE STATUS QUO

6  Hobie Cat seeks an ex parte restraining order as noted in the accompanying declaration of

7  Ruth Triglia in support of this application stemming from the misappropriation and diversion of

8  Hobie Cat products by the Defendants.

9  As such, Hobie Cat requests this Court issue a temporary restraining order enjoining the

10 Defendants from selling, transferring, distributing or otherwise disposing of Hobie Cat products

11 during the pendency of these proceedings.  The Defendants are aware that their activities are

12 illegal and have already damaged the Hobie Cat.

## III.

### FACTUAL SUMMARY

15 The foundation for the facts set forth herein is outlined in the accompanying declaration of

16 Ms. Triglia.

17 **A.    *Hobie Cat's Products and Distribution System***

18 Hobie Cat designs and manufactures several types of boats and kayaks.  Those goods are

19 then distributed to consumers worldwide through a complex network of sales representatives and

20 dealers appointed and authorized by Hobie Cat.  Such appointments confer upon select sales

21 representatives and dealers strongly regulated and protected rights to distribute Hobie Cat

22 products.

23 Hobie Cat invests great time and effort developing and enforcing policies and procedures

24 that are communicated to and understood by its sales representatives and dealers.  For example,

25 Hobie Cat will never ship its products directly to consumers within a certain distance of a dealer's

26 location (i.e., it does not "drop-ship" its products).  Further, while dealers can fulfill orders from

27 locations outside their territory, they cannot actively solicit such sales, nor can they advertise

28 pricing advantages.  A dealer's territory is typically an area within 30 miles or 30 minutes driving

2

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION

EXHIBIT 3
PAGE 29

1   time from the dealer location. Hobie Cat honors the commitment of its sales representatives and

2   dealers by NOT selling its products outside this sales and dealer chain.

3          Only on rare occasions and for strict promotional purposes such as where a customer

4   represents or warrants that the Hobie Cat products are intended for a major corporate employee

5   incentive award program will Hobie Cat make such direct sales outside its established distribution

6   system.

7   **B.      Hobie Cat's Transaction With Premier**

8          In Summer 2010, David Russell of Premier began a dialogue with Hobie Cat about

9   purchasing 100 Hobie Cat Mirage Oasis kayaks. According to Mr. Russell, the kayaks were to be

10  used by one of Premier's insurance company clients for employee incentives. Based upon the

11  volume being purchased, Hobie Cat offered special pricing and free shipping to Premier. The

12  cost for the kayaks was $161,900. On or about November 22, 2010, Hobie Cat shipped 100

13  kayaks to Premier in Las Vegas, Nevada based upon Premier's representations and assurances. A

14  true and correct copy of the written invoice reflecting this agreement is attached to Ms. Triglia's

15  declaration as Exhibit "1." Prior to shipping the kayaks, Hobie Cat made note of the serial

16  number of each kayak being shipped to Premier.

17  **C.      Discovery of Product at Costco**

18         On or about April 2, 2011 Hobie Cat employees discovered its Hobie Mirage Oasis on

19  display at a Costco warehouse in Carlsbad, CA. One boat was unwrapped and displayed

20  vertically with Hobie Cat's patented Mirage Drive propulsion system in plain view. Two stock

21  boats were on the floor in their original factory wrap. In discussions with Costco employees it

22  was noticed on a computer screen the name Steve Hardie/National Clothing Group, and a phone

23  number in Kirkland, Washington, was below the word "Oasis."

24         On or about April 3, 2011, Hobie Cat confirmed the serial numbers on the wrapped

25  kayaks at Costco matched the serial numbers of the kayaks sold to Premier in November, 2010.

26  Hobie Cat complained to representatives at the Costco warehouse in Carlsbad. These

27  representatives indicated there were three additional Hobie Cat kayaks at another Costco location

28  in San Diego.

EXHIBIT 3
PAGE 30

1   After further investigation, Hobie Cat determined kayaks are in Costco stores in Chico,

2   Redding, and Folsom, California; Tucson, Arizona; Reno, Nevada; Frederick, Maryland; Bend

3   and Warrenton, Oregon; Jacksonville and Clearwater, Florida; Fort Oglethorpe, Georgia; and

4   Charleston, South Carolina. Other kayaks are en route to Kalispell, Montana and S. Austin,

5   Texas, and at least two other Northern California locations.

6   The locations of the remaining kayaks sold to Premier are unknown and of grave concern

7   to Hobie Cat. Despite requests for cooperation, Premier has refused to tell Hobie Cat what

8   happened to the kayaks after they were delivered to it in Las Vegas, Nevada. Hobie Cat believes

9   buyers for Premier or Costco (whose name(s) Premier refuses to divulge) may be illegally selling

10   kayaks to Costco or Costco subsidiaries for resale at Costco warehouses.

11   Notably, for many years prior to discovering the kayaks at Costco, Hobie Cat had received

12   several inquiries from Costco about selling Hobie Cat Mirage kayaks in its stores. Hobie Cat

13   consistently declined the requests as Costco does not fit into Hobie Cat's distribution model.

14   **D.    *Irreparable Harm to Hobie Cat***

15   The Defendants' conduct is causing immeasurable harm to Hobie Cat, its protected

16   trademarks and intellectual property, its goodwill with its customers, authorized sales

17   representatives and dealers, jeopardizes Hobie Cat's relationships with its sales representatives

18   and dealers, dilutes the pricing and profitability of Hobie Cat's products, thwarts Hobie Cat's

19   strategic marketing campaigns, and has otherwise caused and continues to cause irreparable harm

20   to Hobie Cat.

21   Hobie Cat has already confirmed examples of such harm. Recently, an unhappy dealer,

22   Ron Lane of Fast Lane Sailing Center in San Diego, called Hobie Cat regarding a dissatisfied

23   customer who made a recent purchase at his dealership. The customer saw the same model at a

24   Carlsbad Costco offered for sale at approximately 26 percent less than the customer paid at the

25   dealer. Mr. Lane asked Hobie Cat's representative why, given Hobie Cat's strict policies and

26   procedures, a Hobie Cat kayak product was offered at the local Costco at such a discount.

27   With Hobie Cat's reputation at stake, Hobie Cat is engaged in extreme measures to

28   prevent further harm. It is presently working with its authorized dealers to locate and purchase

4

EXHIBIT __3__
PAGE __37__

1   the remaining Hobie Cat kayaks. This effort comes at great expense to Hobie Cat because,

2   among other things, it must dedicate significant employee resources and must compensate the

3   dealers for their work. Also, Hobie Cat has received e-mail correspondence from dealers

4   notifying them of their dissatisfaction with this repurchase plan. To date, dealers have

5   repurchased several kayaks, yet up to seventy of the 100 kayaks remain in the hands of

6   unauthorized retailers or unidentified third parties.

7          Hobie Cat placed confidence and reliance in Premier until it discovered its product at

8   Costco. Hobie Cat could not with due diligence discover this fraudulent scheme and conspiracy

9   until just recently because of the Defendants' efforts to conceal their actions. Hobie Cat had no

10  prior knowledge of any facts that would have made it suspicious of Premier or Costco.

11                                               IV.

12                          **THIS COURT IS WELL WITHIN ITS**
                            **AUTHORITY TO ISSUE THE REQUESTED TRO**

13

14         Under California law, this Court "has the power of immediate injunctive restraint to

15  protect the status quo pending whatever review may thereafter occur." County of *Inyo v.* City of

16  *Los Angeles* (1976) 61 Cal. App. 3d 91, 101. The power to issue a TRO is one of the trial court's

17  inherent powers. *City of South San Francisco v. Cypress Lawn* Cemetery *Assn.* (1992) 11

18  Cal.App.4th 916, 923.

19         **A.      *Legal Standard for Issuance of A TRO/Preliminary Injunction Generally***

20         A temporary restraining order ("TRO"), like a preliminary injunction, is designed to

21  preserve the status quo pending an evidentiary hearing. *Scripps Health* v. *Mann* (1999) 72 Cal.

22  App. 4th 324; see *also Laam v. McLaren* (1915) 28 Cal.App. 632 (a TRO is, in effect, an

23  injunction). California Code of Civil Procedure Section 526 empowers the court to grant

24  injunctive relief in the form of a TRO when:

25   •   It appears by the complaint that plaintiff is entitled to the relief demanded, and

26       the relief consists in restraining the commission or continuance of the act

27       complained of (CCP § 526(a)(1));

28

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

5

EXHIBIT 3
PAGE 32

1       •   It appears by the complaint or affidavits that commission or continuance of

2            some act during the litigation would produce great or irreparable injury (CCP §

3            526(a)(2));

4       •   Pecuniary compensation would not afford adequate relief (CCP § 526(a)(4));

5            or

6       •   It would be extremely difficult to ascertain the amount of compensation which

7            would afford adequate relief (CCP § 526(a)(5)).

8          In deciding whether to issue a TRO, the Court should evaluate two interrelated factors: (1)

9  the likelihood that the plaintiff will prevail on the merits at trial, and (2) the interim harm that the

10  plaintiff is likely to sustain if the restraining order is denied, as compared to the harm the

11  defendant is likely to suffer if the order is issued. *Church of Christ in Hollywood v. Superior*

12  *Court* (2002) 99 Cal.App.4th 1244.  The decision to issue a TRO rests with the sound discretion

13  of the trial court. *Biosense Webster, Inc. v. Sup. Ct.* (2006) 135 Cal. App. 4th 827; *Church of*

14  *Christ in Hollywood, supra,* 99 Cal. App. 4th 1244.

15      **B.**      ***Legal Standard For Issuance Of An Ex Parte TRO***

16         The conditions under which an ex parte TRO may be granted are articulated in Code of

17  Civil Procedure section 527(c), which allows a court to issue an ex parte temporary retraining

18  order under the following conditions:

19            (1)     Where it appears from facts shown by affidavit or by the verified complaint

20  that great or irreparable injury will result to the applicant before the matter can be heard on

21  notice; and

22            (2)     Where the applicant or the applicant's attorney certifies one of the

23  following to the court under oath:

24               (A)     That within a reasonable time prior to the application the applicant

25  informed the opposing party or the opposing party's attorney at what time and where the

26  application would be made;

27  / / /

28

EXHIBIT 3
PAGE 33

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION

(B)   That the applicant in good faith attempted but was unable to inform the opposing party and the opposing party's attorney specifying the efforts made to contact them; or

(C)   That for reasons specified the applicant should not be required to so inform the opposing party or the opposing party's attorney.

**C.   *The Plaintiff Will Suffer Irreparable Harm if the Requested TRO is Not Granted***

Unless the Court issues the requested TRO, a high likelihood exists that the Defendants will sell, transfer, distribute or otherwise dispose of Hobie Cat products during the pendency of these proceedings. Without intervention by the Court in this instance, Hobie Cat will suffer irreparable damage to its protected trademarks and intellectual property, its goodwill with its customers, authorized sales representatives and dealers, its relationships with its sales representatives and dealers, and its strategic marketing campaigns. No amount of money can be calculated to make up for this type of harm Hobie Cat will suffer.

**D.   *By Contrast, the Defendants Will Not Suffer Irreparable Harm if the Requested TRO is Granted***

Because the Defendants do not have a legal or contractual right to sell, transfer, distribute or otherwise dispose of Hobie Cat's products, enjoining them from doing so will not result in any cognizable harm, much less irreparable harm, to them.

**E.   *The Plaintiff Has Demonstrated a Reasonable Likelihood of Prevailing on the Merits***

The facts set forth above illustrate Hobie Cat's likelihood of success on the merits at trial. The Complaint asserts causes of action for unfair competition/injunctive relief pursuant to California Business and Professions Code section 17200; intentional interference with contractual relationship; negligent interference with economic relations; unjust enrichment; and fraud. Based upon the declaration filed concurrently herewith, Hobie Cat has a reasonable likelihood of prevailing on the merits of its claims.

///

EXHIBIT B
PAGE 34

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION

V.

## HOBIE CAT GAVE PROPER NOTICE OF THIS APPLICATION

Hobie Cat gave proper notice of this application pursuant to California Rules of Court, Rule 3.1203 and 3.1204. On April 14, 2011, counsel for Hobie Cat sent via overnight mail and e-mail correspondence to attorney Margaret McCulla of Costco, and Mr. David Russell of Premier informing them of the nature of the relief sought and the date, time, and place of the hearing on this application. (Concurrently filed declaration of Steven J. Cologne, ¶ 3.)

VI.

## CONCLUSION

For the reasons set forth herein, Hobie Cat respectfully requests the Court issue a TRO and schedule a return date for an order to show cause on a preliminary injunction.

DATED:  April 14, 2011                                     HIGGS, FLETCHER & MACK LLP


By: _____
STEVEN J. COLOGNE, ESQ.
MICHAEL R. GIBSON, ESQ.
Attorneys for Plaintiff
R & R SAILS, INC. dba HOBIE CAT
COMPANY

1006880.1

EXHIBIT 3
PAGE 35

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

8

MEMORANDUM IN SUPPORT OF EX PARTE APPLICATION

1    STEVEN J. COLOGNE, ESQ. (Bar No. 118534)
     scologne@higgslaw.com
2    MICHAEL R. GIBSON, ESQ. (Bar No. 199272)
     gibsonm@higgslaw.com
3    HIGGS, FLETCHER & MACK LLP
     401 West "A" Street, Suite 2600
4    San Diego, CA 92101-7913
     TEL: 619.236.1551
5    FAX: 619.696.1410

6    Attorneys for Plaintiff
     R & R SAILS, INC. dba HOBIE CAT COMPANY

7

8            SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

9                  NORTH COUNTY DIVISION

10

| | |
|---|---|
| 11   R & R SAILS, INC. dba HOBIE CAT<br>12   COMPANY,<br>13                  Plaintiff,<br>14<br>15   v.<br>   PREMIER INCENTIVE GROUP, LLC;<br>16   COSTCO CORPORATION; and<br>   DOES 1-100, Inclusive,<br>17<br>18              Defendants. | CASE NO. 37-2011-00053159-CU-BT-NC<br><br>**DECLARATION OF RUTH TRIGLIA IN<br>SUPPORT OF EX PARTE APPLICATION<br>FOR:**<br><br>**(1) TEMPORARY RESTRAINING<br>ORDER;**<br><br>**(2) ORDER TO SHOW CAUSE RE:<br>PRELIMINARY INJUNCTION; AND**<br><br>**(3) EXPEDITED DISCOVERY**<br><br>EX PARTE HEARING ASSIGNED TO:<br><br>DATE:       April 19, 2011<br>TIME:       9:00 a.m.<br>DEPT:       NC-30<br>JUDGE:     Hon. Thomas P. Nugent<br><br>CASE ASSIGNED TO:<br><br>DEPT:       NC-28<br>JUDGE:     Hon. Earl H. Maas, III |

24

25

26      I, Ruth Triglia, declare:

27         1.     I am a competent adult over the age of eighteen years. I am the Vice President of

28   Sales for Plaintiff R & R SAILS, INC. dba HOBIE CAT COMPANY ("Hobie Cat" or the

DECLARATION OF RUTH TRIGLIA

EXHIBIT 4
PAGE 36

1   "Plaintiff"). I have personal knowledge of the items contained in this declaration except for those

2   matters stated on information and belief and I believe those matters to be true.

3         2.    Hobie Cat designs and manufactures several types of boats and kayaks. Those

4   goods are then distributed to consumers worldwide through a complex network of sales

5   representatives and dealers appointed and authorized by Hobie Cat. Such appointments confer

6   upon select sales representatives and dealers strongly regulated and protected rights to distribute

7   Hobie Cat products.

8         3.    Hobie Cat invests great time and effort developing and enforcing policies and

9   procedures that are communicated to and understood by its sales representatives and dealers. For

10   example, Hobie Cat will never ship its products directly to consumers within a certain distance of

11   a dealer's location (i.e., it does not "drop-ship" its products near another dealer's location).

12   Further, while dealers can fulfill orders from locations outside their territory, they cannot actively

13   solicit such sales, nor can they advertise pricing advantages. A dealer's territory is typically an

14   area within 30 miles or 30 minutes driving time from the dealer location. Hobie Cat honors the

15   commitment of its sales representatives and dealers by NOT selling its products outside this sales

16   and dealer chain.

17         4.    Only on rare occasions and for strict promotional purposes such as where a

18   customer represents or warrants that the Hobie Cat products are intended for a major corporate

19   employee incentive award program, will Hobie Cat make such direct sales outside its established

20   distribution system.

21         5.    In Summer 2010, David Russell of Defendant PREMIER INCENTIVE GROUP,

22   LLC ("Premier") began a dialogue with Hobie Cat about purchasing 100 Hobie Cat Mirage Oasis

23   kayaks. According to Mr. Russell, the kayaks were to be used by one of Premier's insurance

24   company clients for employee incentives. Based upon the volume being purchased, Hobie Cat

25   offered special pricing and free shipping to Premier. The cost for the kayaks was $161,900. On

26   or about November 18, 2010, Hobie Cat shipped 100 kayaks to Premier in Las Vegas, Nevada

27   based upon Premier's representations and assurances. Attached hereto as Exhibit "1" is a true

28

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

2

DECLARATION OF RUTH TRIGLIA

EXHIBIT 4
PAGE 37

1   and correct copy of the written invoice reflecting this agreement.  Prior to shipping the kayaks,

2   Hobie Cat made note of the serial number of each kayak being shipped to Premier.

3          6.     On or about April 2, 2011, I discovered Hobie Cat's Hobie Mirage Oasis on

4   display at a warehouse in Carlsbad, California, operated by Defendant COSTCO

5   CORPORATION ("Costco").  One boat was unwrapped and displayed vertically with the

6   patented Hobie Cat Mirage Drive propulsion system in plain view.  Two stock boats were on the

7   floor in their original factory wrap.  In discussions with Costco employees, it was noticed on a

8   computer screen the name Steve Hardie/National Clothing Group with a phone number in

9   Kirkland, Washington, below the word "Oasis."

10         7.     On or about April 3, 2011, I confirmed the serial numbers on the wrapped kayaks

11  at Costco matched the serial numbers sold to Premier in November, 2010.  Hobie Cat complained

12  to representatives at the Costco warehouse in Carlsbad.  These representatives indicated there

13  were three additional Hobie Cat kayaks at another Costco location in San Diego.

14         8.     After further investigation, I now know Hobie Cat kayaks are in Costco stores in

15  Chico, Redding and Folsom, California; Tucson, Arizona; Sparks, Carson City and Reno,

16  Nevada; Frederick, Maryland; Bend and Warrenton, Oregon; Jacksonville and Clearwater,

17  Florida; Fort Oglethorpe, Georgia; and Charleston, South Carolina.  Other kayaks are en route to

18  Kalispell, Montana and S. Austin, Texas, and at least two other Northern California locations.

19         9.     The present location of the other kayaks sold to Premier are unknown and of grave

20  concern to Hobie Cat.  Despite requests for cooperation, Premier has refused to tell Hobie Cat

21  what happened to the kayaks after they were delivered to Premier in Las Vegas, Nevada.  I

22  believe buyers for Premier or Costco (whose name(s) Premier refuses to divulge) may be illegally

23  selling kayaks to Costco or Costco subsidiaries for resale at Costco warehouses.

24         10.    For many years prior to discovering the kayaks at Costco, Hobie Cat had received

25  several inquiries from Costco about selling Hobie Cat Mirage kayaks in its stores.  Hobie Cat

26  consistently declined the requests as Costco does not fit into Hobie Cat's distribution model.

27         11.    The Defendants' conduct has caused substantial and immeasurable harm to Hobie

28  Cat, its protected trademarks and intellectual property, its goodwill with its customers, authorized

3

DECLARATION OF RUTH TRIGLIA

EXHIBIT 4
PAGE 38

1    sales representatives and dealers, jeopardizes Hobie Cat's relationships with its sales

2    representatives and dealers, dilutes the pricing and profitability of Hobie Cat's products, thwarts

3    Hobie Cat's strategic marketing campaigns, and has otherwise caused and continues to cause

4    irreparable harm to Hobie Cat.

5         12.    I have already confirmed examples of such harm. Recently, I spoke with an

6    unhappy dealer, Ron Lane of Fast Lane Sailing Center in San Diego, regarding a dissatisfied

7    customer who made a recent purchase at his dealership. The customer saw the same model at a

8    Carlsbad Costco offered for sale at approximately 26 percent less than the customer paid at the

9    dealer. Mr. Lane had me explain to the customer, who was in his shop for an explanation, why a

10   Hobie Cat kayak product was offered at the local Costco at such a discount. He was questioning

11   his decision to have purchased three boats at Fast Lane Sailing and one additional Hobie at our

12   dealer in Oceanside, Oceanside Dive and Kayak, and why Hobie was willing to undermine their

13   dealers in that fashion.

14        13.    With Hobie Cat's reputation at stake, Hobie Cat is engaged in extreme measures to

15   prevent further harm. It is presently working with its authorized dealers to locate and purchase

16   the remaining Hobie Cat kayaks. This effort comes at great expense to Hobie Cat because,

17   among other things, it must dedicate significant employee resources and must compensate the

18   dealers for their work. Also, I have received e-mail correspondence from dealers notifying us of

19   their dissatisfaction with this repurchase plan. To date, dealers have repurchased several kayaks,

20   yet up to seventy of the 100 kayaks remain in the hands of unauthorized retailers or unidentified

21   third parties.

22        14.    Hobie Cat placed confidence and reliance in Premier until it discovered its product

23   at Costco. Hobie Cat could not with due diligence discover this fraudulent scheme and

24   conspiracy until just recently because of the Defendants' efforts to conceal their actions. Hobie

25   Cat was not previously aware of any facts that made it suspicious of Premier or Costco.

26        15.    Hobie Cat will suffer irreparable harm if it is delayed in determining the location

27   of the remaining kayaks and the identities of other parties to the product diversion scheme. If the

28   unaccounted-for Hobie Cat kayaks are sold to the public before an injunction can be issued,

4

DECLARATION OF RUTH TRIGLIA

EXHIBIT ___4___
PAGE ___39___

1  Hobie Cat will be permanently damaged. If Hobie Cat products are sold at significantly reduced

2  prices by third party retailers, Hobie Cat will lose the trust of its consumers and distributers it has

3  tireless worked to build. Such injuries will result in permanent and substantial damage to Hobie

4  Cat's protected trademarks and intellectual property, its goodwill with its customers, authorized

5  sales representatives and dealers, its relationships with its sales representatives and dealers, and

6  its strategic marketing campaigns, together with other substantial economic damages.

7      I declare under penalty of perjury under the laws of the State of California that the

8  foregoing is true and correct. Executed on April 14, 2011, at Oceanside, California.

9

10                                          _____

11                                                RUTH TRIGLIA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  1607729.1

28

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

                                    5.

                            DECLARATION OF RUTH TRIGLIA

EXHIBIT   4
PAGE      40

# EXHIBIT 1

EXHIBIT 4
PAGE 41

Page:    1

# Invoice

Hobie Cat Company
4925 Oceanside Blvd.
Oceanside, CA 92056-3044
(760) 758-9100

| | |
|---|---|
| Invoice Number: | 0269099-IN |
| Invoice Date: | 11/22/2010 |
| | |
| Order Number: | 0144931 |
| Order Date | 10/8/2010 |
| Salesperson: | 0008 |
| Customer Number: | PRINNV |

**Sold To:**
PREMIER INCENTIVE GROUP, LLC
5525 S. VALLEY VIEW BLVD.
SUITE 10
LAS VEGAS, NV 89118
Confirm To:
Dave Russell

**Ship To:**
PREMIER INCENTIVE GROUP, LLC
5525 S. VALLEY VIEW BLVD.
SUITE 10
LAS VEGAS, NV 89118

| Customer P.O. | Ship VIA | F.O.B. | Terms |
|---|---|---|---|
| 7377    rt | TPD | | CASH IN ADVANCE |

| Item Number | Unit | Ordered | Shipped | Back Ordered | Price | Amount |
|---|---|---|---|---|---|---|
| 820334 | EA | 100.000 | 100.000 | 0.000 | 1,619.00 | 161,900.00 |
| KAYAK OASIS - PAPAYA | | | Whse: 000 | | | |

QUALIFIES FOR 100-BOAT PRICING AND FREE FREIGHT.
PAYMENT IN FULL DUE AT HOBIE CAT ON OR BEFORE 11/1/10 TO RETAIN
PRICING AND FREE FREIGHT.
INCENTIVE SALES TO BE FULFILLED THROUGH INSURANCE CO. CLIENT.
THANKS FOR YOUR ORDER!
CUSTOMER REQUESTS DELIVERY 11/22

| | |
|---|---|
| Net Invoice: | 161,900.00 |
| Less Discount: | 0.00 |
| Freight: | 0.00 |
| Sales Tax: | 0.00 |
| Invoice Total: | 161,900.00 |



EXHIBIT
PAGE

**EXHIBIT 5**

1   STEVEN J. COLOGNE, ESQ. (Bar No. 118534)
    scologne@higgslaw.com
2   MICHAEL R. GIBSON, ESQ. (Bar No. 199272)
    gibsonm@higgslaw.com
3   HIGGS, FLETCHER & MACK LLP
    401 West "A" Street, Suite 2600
4   San Diego, CA 92101-7913
    TEL:  619.236.1551
5   FAX:  619.696.1410

6   Attorneys for Plaintiff
    R & R SAILS, INC. dba HOBIE CAT COMPANY

7

8           SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

9                       NORTH COUNTY DIVISION

10

11  R & R SAILS, INC. dba HOBIE CAT          CASE NO.  37-2011-00053159-CU-BT-NC
12  COMPANY,
                                              DECLARATION OF STEVEN J.
13                                            COLOGNE IN SUPPORT OF EX PARTE
                      Plaintiff,              APPLICATION FOR:
14
    v.                                        (1) TEMPORARY RESTRAINING
15                                            ORDER; AND
    PREMIER INCENTIVE GROUP, LLC;
16  COSTCO CORPORATION; and                   (2) ORDER TO SHOW CAUSE RE:
    DOES 1-100, Inclusive,                    PRELIMINARY INJUNCTION
17
                      Defendants.             EX PARTE HEARING ASSIGNED TO:
18
                                              DATE:        April 19, 2011
19                                            TIME:        9:00 a.m.
                                              DEPT:        NC-30
20                                            JUDGE:       Hon. Thomas P. Nugent
21                                            CASE ASSIGNED TO:
22                                            DEPT:        NC-28
                                              JUDGE:       Hon. Earl H. Maas, III
23

24          I, Steven J. Cologne, declare:

25          1.    I am an attorney licensed to practice law before all courts in the state of California,

26  and am a partner in the firm of Higgs, Fletcher & Mack, LLP, counsel of record for Plaintiff R &

27  R SAILS, INC. dba HOBIE CAT COMPANY ("Hobie Cat" or the "Plaintiff").  I have personal

28

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO
                                                        DECLARATION OF STEVEN J. COLOGNE

EXHIBIT  5
PAGE  43

1   knowledge of the items contained in this declaration except for those matters stated on

2   information and belief and I believe those matters to be true.

3       2.      On April 4, 2011, I sent a letter via e-mail and U.S. Mail to Defendants PREMIER

4   INCENTIVE GROUP, LLC and COSTCO CORPORATION.  A true and correct copy of that

5   letter is attached hereto as Exhibit 1.  As of the filing of this ex parte application, I had not

6   received a response from either defendant.

7       3.      On April 14, 2011, this firm sent written correspondence via overnight mail and e-

8   mail to attorney Margaret McCulla of Costco, and Mr. David Russell of Premier notifying them

9   Hobie Cat would appear ex parte on April 19, 2011 at 9:00 a.m., in Department 30 of the

10  captioned court located at 325 S. Melrose Drive, Vista, California, for a temporary restraining

11  order against Costco and Premier prohibiting them from further transferring Hobie Cat kayaks,

12  for an order to show cause regarding a preliminary injunction, and for an order allowing

13  expedited discovery.  A true and correct copy of that correspondence is attached hereto as Exhibit

14  2.

15      I declare under penalty of perjury under the laws of the State of California that the

16  foregoing is true and correct.  Executed on April 14, 2011, at San Diego, California.

17

18

19                                              STEVEN J. COLOGNE

20

21

22

23

24

25

26

27  1006985.1

28

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

2

DECLARATION OF STEVEN J. COLOGNE

EXHIBIT 5
PAGE 44

# EXHIBIT 1



EXHIBIT 5
PAGE 45



### HIGGS FLETCHER & MACK LLP
Sud Diego's Law Firm Since 1939

Steven J. Cologne
*Partner*

scologne@higgslaw.com

April 4, 2011

*VIA E-MAIL AND OVERNIGHT MAIL*

Margaret McCulla, Esq.                      Mr. David Russell
COSTCO WHOLESALE CORPORATION    PREMIER INCENTIVE GROUP, LLC
999 Lake Drive                               5525 S. Valley View Blvd., Suite 10
Issaquah, WA 98027                          Las Vegas, NV 89118
mmcculla@costco.com                        dave@premierincentive.net

Re:   **Unauthorized Sale/Distribution of Hobie Cat Company Products**

Dear Ms. McCulla and Mr. Russell:

Please be advised that this firm represents Hobie Cat Company ("Hobie Cat"). Please direct all
further correspondence to my office.

Hobie Cat kayaks are being sold at Costco store locations in San Diego County. This letter
serves as Hobie Cat's demand upon you to immediately cease and desist from selling or
distributing Hobie Cat kayak products. It is imperative that this letter reaches the appropriate
personnel at Costco, Premier Incentive Group ("Premier"), or buyers for either to address the
matters outlined herein. Please forward this letter to the proper person for immediate handling.

Hobie Cat manufactures high quality kayaks and boats, including one of its core products—the
Mirage Oasis. Hobie Cat markets, distributes and sells its kayaks only through authorized sales
reps and dealers. In this case, Premier Incentive Group represented that kayaks were being
purchased as part of a major corporate incentive program for the employees of a national
insurance company who Premier represented had been its client for years. It is with great regret
that Hobie Cat personally discovered Costco selling Hobie Cat kayaks and with serial numbers
matching kayaks sold to Premier back in November, 2010. These same kayaks were now selling
in Costco at 26% below retail at the Carlsbad, California store location. Two other Mirage Oasis
kayaks at that location were also priced for sale. It has been determined that three kayaks are at

1006270.1



EXHIBIT 5
PAGE 46

HIGGS FLETCHER & MACK
*San Diego's Law Firm Since 1939*

Margaret McCulla, Esq.
Mr. David Russell
April 4, 2011
Page 2

the San Diego store location and another fifteen (15) are being ordered for Costco locations in Northern California. This practice is in direct violation of Hobie Cat trademark protection rights. Moreover, Hobie Cat could be severely damaged in its relationship with dealers who are the sole and exclusive outlet for our products. Further, the Mirage Oasis is a premium product for Hobie Cat. Hobie Cat at the very least has been damaged by a perceived loss in value when its signature product has been advertised and sold through the Costco store locations rather than at approved locations. We know of at least one instance of this occurrence in the short time that we have discovered the wrong.

In the past, and as recently as August 2010, Costco had inquired with Hobie Cat about becoming an authorized dealer for its kayaks. However, Hobie Cat has consistently declined the request as Costco does not fit into Hobie Cat's distribution model. Now it appears that kayak products are finding their way from Premier to Costco. We demand to know how this process is allowed or caused and the number of kayak boats in line for display in Costco store locations. Costco's reputation in the market is something that should concern all levels of the company.

Hobie Cat zealously protects its dealers in the market and its distribution network. It should be noted that Hobie Cat services its kayaks under the warranty and its express condition that kayaks not purchased or serviced through an authorized Hobie Cat dealer are not subject to warranty protection. Please note that Hobie Cat will not honor any warranties for kayaks sold by Costco.

The unauthorized sale of Hobie Cat's products has, and will continue to, irreparably harm and damage Hobie Cat and its authorized dealers. Accordingly, we respectfully request you immediately cease and desist from any further sales or transfers of the kayaks. Toward that end, Hobie Cat is willing to work with the parties to make them whole and return them to their respective positions prior to Hobie Cat's sale to Premier.

Alternatively, should you ignore this request, we will have no other option than to enforce Hobie Cat's rights through litigation, including potential claims for unfair business practices, trademark infringement and interference with economic advantage. For its part, Premier should cease and desist from distributing kayaks from its November 2010 invoice other than authorized by Hobie Cat or further legal action will be taken.

1006270.1

EXHIBIT 5
PAGE 47



San Diego's Law Firm Since 1939

Margaret McCulla, Esq.
Mr. David Russell
April 4, 2011
Page 3


Thank you in advance for your prompt attention to the above.  Should you have any questions or require any additional information, please do not hesitate to contact me.

Very truly yours,


STEVEN J. COLOGNE
    of
HIGGS, FLETCHER & MACK LLP

SJC/lsb
cc:     Mr. Doug Skidmore
        Ms. Ruth Triglia
        HOBIE CAT COMPANY

1006270.1

EXHIBIT 5
PAGE 48

# EXHIBIT 2





**HIGGS FLETCHER & MACK**

*San Diego's Law Firm Since 1939*

Steven J. Cologne
*Partner*

scologne@higgslaw.com

April 14, 2011

**Via E-mail: mmcculla@costco.com**
**Via Overnight Delivery**

Margaret McCulla, Esq.
Costco Wholesale Corporation
999 Lake Drive
Issaquah, Washington 98027

**Via E-mail: dave@premierincentive.net**
**Via Overnight Delivery**

Mr. David Russell
Premier Incentive Group, LLC
5525 S. Valley View Boulevard, Suite 10
Las Vegas, Nevada 89118

Re:   **R & R Sails, Inc. dba Hobie Cat Company v. Premier Incentive Group, LLC, et al.**
        **File No. 104403-00113**

Dear Ms. McCulla and Mr. Russell:

This is to notify you R & R Sails, Inc., dba Hobie Cat Company ("Hobie Cat"), will appear ex parte at 9:00 a.m., on April 19, 2011, in Department 30 of the San Diego Superior Court, North County Division, located at 325 S. Melrose Drive, Vista, California, to apply for a temporary restraining order enjoining Premier and Costco from further transferring Hobie Cat kayaks, an order setting a hearing on a preliminary injunction, and an order allowing Hobie Cat to conduct expedited written discovery and depositions.  Hobie Cat's applications are made pursuant to California Code of Civil Procedure sections 526, 527, 512.020 and 513.010, and California Code of Civil Procedure sections 2016.010 et seq., on the grounds Hobie Cat will suffer irreparable harm if it cannot immediately enjoin further transfer of the kayaks.  Please inform us whether Costco and/or Premier intend to oppose Hobie Cat's applications.

Very truly yours,

HIGGS FLETCHER & MACK LLP

STEVEN J. COLOGNE

SJC/aec

1007181.1

401 West A Street, Suite 2600 | San Diego, California 92101 | T 619.236.1551 | F 619.696.1410 | www.HiggsLaw.com

*Member, American Law Firm Association*

EXHIBIT  5
PAGE  50