BLUEBIRD
OFFICE SUPPLIES
(888) 477-0700
www.bluebordonline.com

EXHIBIT 11

F I L E D
Clerk of the Superior Court

APR 2 1 2011

BY: A. LUM

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

NORTH COUNTY DIVISION

R & R SAILS, INC. dba HOBIE CAT COMPANY,

                              Plaintiff,

v.

PREMIER INCENTIVE GROUP, LLC; COSTCO CORPORATION; and DOES 1-100, Inclusive,

                              Defendants.

CASE NO.  37-2011-00053159-CU-BT-NC

[PROPOSED] ORDER RE: EX PARTE APPLICATION FOR:

‾‾‾‾‾‾‾‾‾‾RAINING

‾‾‾‾‾‾‾‾‾‾AUSE RE:
‾‾‾‾‾‾‾‾‾‾CTION

‾‾‾‾‾‾‾‾‾‾SIGNED TO:

DATE:        April 19, 2011
TIME:        9:00 a.m.
DEPT:        NC-30
JUDGE:       Hon. Thomas P. Nugent

CASE ASSIGNED TO:

DEPT:        NC-28
JUDGE:       Hon. Earl H. Maas, III

**TO THE COURT AND ALL PARTIES:**

In its ex parte application, R & R Sails, Inc. dba Hobie Cat Company ("Hobie Cat" or the "Plaintiff"), seeks a narrow order designed to prevent from selling, transferring, distributing or otherwise disposing of Hobie Cat products during the pendency of these proceedings.  Once the status quo is preserved, the parties can brief the merits of a preliminary injunction.

EXHIBIT 11
PAGE 146

[PROPOSED] ORDER RE: EX PARTE APPLICATION RE: TRO

1   The Court, having reviewed the ex parte application for a temporary restraining order

2   ("TRO") by Plaintiff, and for good cause shown, the ex parte application is hereby GRANTED as

3   follows:

4   (1)   The Plaintiff has established the probable validity of its claims against Defendant~~s~~ ^or Defendants

5   PREMIER INCENTIVE GROUP, LLC ("Premier") ~~and COSTCO CORPORATION ("Costco,"~~

6   ~~and collectively, the "Defendant(s").~~

7   (2)   The Plaintiff has established the probability that the Plaintiff's products which

8   were provided to Premier are in immediate danger of being made unavailable or otherwise

9   substantially diminished.

10   Accordingly, IT IS HEREBY ORDERED:

11   **1.      Prohibitory Provisions:**

12   Pending further Order of this Court, the Defendant~~s~~ and ~~their~~ its agents, partners, managers

13   and employees, and all other persons acting in concert with th~~em~~ who have actual or constructive

14   knowledge of this Order, and their agents and employees, shall not:

15   **(a)      Commit Waste:**

16   Commit or permit any waste of any products provided by the Plaintiff to

17   Premier or any part thereof, or suffer or commit or permit any act on the products or any part

18   thereof in violation of law, or sell, distribute, remove, transfer, encumber or otherwise dispose of

19   any Hobie Cat products;

20   **(b)      Transfer or Encumber of Property:**

21   Expend, disburse, transfer, assign, sell, convey, devise, pledge, mortgage, create a

22   security interest in, encumber, conceal or in any manner whatsoever deal in or dispose of the

23   whole or any part of Hobie Cat's products without prior Court order; and

24   **(c)      Impair Preservation of Property:**

25   Do any act which will, or which will tend to impair, defeat, divert, prevent or

26   prejudice the preservation of any Hobie Cat products.

27   For purposes of this Order only, Costco Wholesale

28   Corporation, National Distributors and their employees and

agents shall not be deemed agents, partners, managers, employees or

persons acting in concert with Defendant Premier.

2

[PROPOSED] ORDER RE: EX PARTE APPLICATION RE: TRO


EXHIBIT //
PAGE 147

2. **Maintenance of Records and Monies**

~~The~~ Defendants shall segregate, maintain and account for, and shall be restricted from disposing, all of Hobie Cat's products.

3. **Expiration of Order:**

This Order shall remain in effect until 6:00 p.m. on ~~May 27,~~ on June 10, , 2011.

4. **Return Hearing:**

The Plaintiff's ex parte application shall serve as its moving papers in support of an application for preliminary injunction consistent with this Order (the "Moving Papers"). The Plaintiff shall serve Defendants with a copy of its Moving Papers by _Per Code_. Opposing papers shall be filed and served no later than _Per Code_ , and reply papers shall be filed and served no later than _Per Code_ . The hearing on the Plaintiff's application for preliminary injunction shall be set for ~~May 27,~~ on June 10 , 2011 at _1:30_.

DATED:     APR 2 1 2011

_____
JUDGE OF THE SUPERIOR COURT
THOMAS P. NUGENT

1006939.1



EXHIBIT 11
PAGE 148

3

[PROPOSED] ORDER RE: EX PARTE APPLICATION RE: TRO

BLUEBIRD
OFFICE SUPPLIES
(888) 477-0700
www.bluebirdonline.com

1

2

3                                              F I L E D
                                          Clerk of the Superior Court

4                                              APR 2 1 2011

5                                              BY: A. LUM

6

7

8              SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

9                             NORTH COUNTY DIVISION

10

11   R & R SAILS, INC. dba HOBIE CAT            CASE NO.  37-2011-00053159-CU-BT-NC
     COMPANY,
12                                              [PROPOSED] ORDER

13                            Plaintiff,        EX PARTE HEARING ASSIGNED TO:

14   v.                                         DATE:       April 19, 2011
                                                TIME:       9:00 a.m.
15   PREMIER INCENTIVE GROUP, LLC;              DEPT:       NC-30
     COSTCO CORPORATION; and                    JUDGE:      Hon. Thomas P. Nugent
16   DOES 1-100, Inclusive,
                                                CASE ASSIGNED TO:
17                            Defendants.
                                                DEPT:       NC-28
18                                              JUDGE:      Hon. Earl H. Maas, III

19

20

21                                ORDER

22        The ex parte application of Plaintiff R & R Sails, Inc., dba Hobie Cat Company, ("Hobie

23   Cat"), for an order granting leave to conduct expedited discovery came for hearing before this

24   Court on April 19, 2011.  Upon considering the ex parte application of Hobie Cat, and the

25   evidence presented, the Court orders as follows:

26        FOR GOOD CAUSE SHOWN, IT IS ORDERED:

27        (1)    Leave is granted to Hobie Cat to immediately serve upon defendants Premier

28   Incentive Group, LLC ("Premier") and Costco Corporation, ("Costco"), interrogatories, requests

                                                              EXHIBIT 12
                        [PROPOSED] ORDER                       PAGE 149

1  for production of documents and notices of depositions of David Russell, the person most

2  qualified to testify at Premier regarding:

3            (a)      Premier's acquisition of 100 Hobie Cat Mirage Oasis kayaks;

4            (b)      The employee inventive program of the Premier client which was to use

5  the 100 Hobie Cat Mirage Oasis kayaks; and

6            (c)      The transfer of any or all 100 Hobie Cat Mirage Oasis kayaks to Costco;

7            (d)      The transfer of and or all 100 Hobie Cat Mirage Oasis kayaks to any

8  person;

9  and the person most qualified to testify at Costco regarding:

10            (a)      Costco's acquisition of Hobie Cat Mirage Oasis kayaks;

11            (b)      Costco's inventory of Hobie Cat Mirage Oasis kayaks;

12            (c)      Costco's Carlsbad, California, store's acquisition of Hobie Cat Mirage

13  Oasis kayaks; and

14            (d)      Costco's communications Hobie Cat regarding Costco's inquiries about

15  becoming an authorize Hobie Cat dealer/distributor.

(i) Costco may serve discovery on Plaintiff by email or fax on or before April 25, 2011.

16  (3)  Premier and Costco shall serve its responses to the interrogatories and requests for

17  production of documents not later than ~~two weeks after having been served with the written~~

18  ~~discovery;~~ May 9, 2011.   — on Plaintiff

19  (4)  Premier shall make David Russell and the persons most qualified to testify about

20  the noticed categories available for deposition within one week after having been served with a

21  notice of deposition;

22  (4)  Costco shall make the persons most qualified to testify about the noticed

23  categories available for deposition within one week after having been served with a notice of

24  deposition, at the office of Costco's attorney in Los Angeles.

25      IT IS SO ORDERED.

26  DATED: __APR 2 1 2011__

27                     JUDGE OF THE SUPERIOR COURT

                       THOMAS P NUGENT

28  1007034.1

[PROPOSED] ORDER

EXHIBIT 12
PAGE 50

BLUEBIRD
OFFICE SUPPLIES
(888) 477-0700
www.bluebirdonline.com

**EXHIBIT 13**

NORMAN H. LEVINE (SBN 061884)
NLevine@GreenbergGlusker.com
RACHEL WILKES (SBN 240642)
rwilkes@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
   CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

11 MAY 16  AM II: 58

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| R & R SAILS, INC. dba HOBIE CAT COMPANY,<br><br>         Plaintiff,<br><br>    v.<br><br>PREMIER INCENTIVE GROUP, LLC; COSTCO WHOLESALE CORPORATION; and DOES 1-100, Inclusive,<br><br>         Defendants. | Case No. 37-2011-00053159-CU-BT-NC<br><br>[Assigned to Hon. Earl H. Maas, III]<br><br>**NOTICE OF HEARING ON DEMURRERS; DEMURRERS OF DEFENDANT COSTCO WHOLESALE CORPORATION TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: July 1, 2011<br>Time: 1:30 p.m.<br>Dept. 28<br><br>Action Filing Date: April 11, 2011 |

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

71825-00239/1778396.1

1

NOTICE OF HEARING ON DEMURRERS; DEMURRERS OF COSTCO TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

EXHIBIT 13
PAGE 151

1    TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:

2

3        PLEASE TAKE NOTICE that the following demurrers will be heard on July 1, 2011, at

4    1:30 p.m., in Department 28 of the Superior Court, located at 325 South Melrose Drive, Vista,

5    California 92081.

6

7

8    DATED:  May 13, 2011                    GREENBERG GLUSKER FIELDS CLAMAN
                                              & MACHTINGER LLP
9

10                                           By:
11                                           NORMAN H. LEVINE
                                             Attorneys for Defendant COSTCO
12                                           WHOLESALE CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

71825-00239/1778396.1                        2

EXHIBIT 13
PAGE 152

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

NOTICE OF HEARING ON DEMURRERS; DEMURRERS OF COSTCO TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

1

2

## DEMURRERS

3     Defendant Costco Wholesale Corp. ("Costco") hereby demurs to the First Amended

4     Complaint of Plaintiff R & R Sails, Inc., dba Hobie Cat Company, on the following grounds:

5

6                                          I.

7              DEMURRER TO FIRST PURPORTED CAUSE OF ACTION

8

9     The purported first cause of action for Unfair Competition / Injunctive Relief Pursuant to

10    California Business & Professions Code Section 17200 fails to state facts sufficient to constitute a

11    cause of action against Costco in that said cause of action fails to allege any specific statute which

12    was violated or unfair conduct that was committed, and fails to describe with reasonable

13    particularity the facts supporting the violation.  Code of Civil Procedure § 430.10(e).

14

15                                         II.

16             DEMURRER TO SECOND PURPORTED CAUSE OF ACTION

17

18    The purported second cause of action for Intentional Interference with Contractual

19    Relationships fails to state facts sufficient to constitute a cause of action against Costco in that

20    there is no allegation of a contract that was breached or with which Costco interfered, and

21    Costco's purchase of the merchandise in question is not conduct which gives rise to a claim of

22    intentional interference.  Code of Civil Procedure § 430.10(e).

23

24                                        III.

25             DEMURRER TO THIRD PURPORTED CAUSE OF ACTION

26

27    The purported third cause of action for Negligent Interference with Economic Relations

28    fails to state facts sufficient to constitute a cause of action against Costco in that it fails to allege a

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

71825-00239/1778396.1                                        3

EXHIBIT 13
PAGE 153

1 | relationship that was interfered with or that Costco engaged in an act that was wrongful by some

2 | legal measure other than the fact of interference itself.   Code of Civil Procedure § 430.10(e).

3

4 | IV.

5 | DEMURRER TO SECOND PURPORTED CAUSE OF ACTION

6

7 | The purported fourth cause of action for Unjust Enrichment fails to state facts sufficient to

8 | constitute a cause of action against Costco in that the facts do not provide a basis for recovery of

9 | restitution or a quasi-contract theory.  Code of Civil Procedure § 430.10(e).

10

11 | WHEREFORE, defendant Costco Wholesale Corporation prays as follows:

12

13 | 1.      That its demurrers be sustained without leave to amend;

14 | 2.      That the first, second, third and fourth causes of action of the First Amended

15 | Complaint be dismissed with prejudice;

16 | 3.      That it be awarded its costs of suit herein; and

17 | 4.      For such other and further relief as the Court deems just and proper.

18

19

20 | DATED:  May 13, 2011                    GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

21

22 | By: [signature]

23 | NORMAN H. LEVINE
Attorneys for Defendant Costco
Wholesale Corporation

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

71825-00239/1778396.1                          4



EXHIBIT 13
PAGE 154

NOTICE OF HEARING ON DEMURRERS; DEMURRERS OF COSTCO TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff S & S Sails sold one hundred kayaks to Defendant Premier Incentive Group ("Premier"). The kayaks were eventually sold to Defendant Costco Wholesale Corporation. Plaintiff's First Amended Complaint ("FAC") alleges that Premier procured the kayaks by fraud, specifically by alleging that they were intended for an incentive program for an insurance company, and that it would not have sold the boats if it knew they would be sold to Costco.

The FAC alleges four causes of action against Costco: (1) Unfair Competition, (2) Intentional Interference with Contractual Relations, (3) Negligent Interference with Contractual Relations, and (4) Unjust Enrichment. The Fifth Cause of Action for fraud does not name Costco. None of the causes of action is sufficient to withstand demurrer. In summary, and simplistically, the FAC alleges:

1.      Hobie Cat designs and manufacturers boats and kayaks. It sells through a "complex network of sales representatives and dealers appointed and authorized by Hobie Cat." (FAC ¶ 6).

2.      There were communications between Hobie Cat and David Russell, representing Defendant Premier Incentive Group, LLC, about Premier purchasing 100 kayaks in Summer 2010. (¶ 11)

3.      Plaintiff has policies and procedures relating to its sales representatives' and dealers' sales of merchandise. Among other things, it restricts how the products can be resold. (¶ 10) The policies are not attached to the FAC. There is no allegation that the policies or procedures described above were communicated to Mr. Russell or to any other representative of Premier.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

EXHIBIT 13
PAGE 155

71825-00239/1778396.1

5

NOTICE OF HEARING ON DEMURRERS; DEMURRERS OF COSTCO TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

4.      Plaintiff shipped merchandise to Premier. (¶ 11)  In April 2011, Plaintiff learned that the merchandise it had sold to Premier was being sold at Costco. (¶¶ 12, 13)

5.      Plaintiff alleges that this damaged its reputation and goodwill.  (¶ 16)

<u>Costco Has the Right to Sell Plaintiff's Merchandise</u>

The premise of the FAC, and each of the causes of action against Costco, appears to be that, because Plaintiff does not want Costco to sell its merchandise, Costco should be prevented from doing so.  There is no legal basis for such a claim.

In a recent reported decision in another case brought by a manufacturer against Costco, the Court of Appeal held that "Courts considering the issue have concluded that, in general, the sale of goods by an unacceptable retailer is not actionable by the manufacturer, if the retailer sought only to compete, and did not act wrongfully or maliciously." *Citizens of Humanity v. Costco Wholesale Corporation* (2009) 171 Cal. App. 4th 1, 10.  The Court went on to state that,

> As a general rule, our society favors competition. Once the
> manufacturer has sold its goods to a distributor, the manufacturer
> can have no control over the retailers to whom the distributor resells
> the goods. If the manufacturer wishes to retain this control, it can
> best do so by means of its contract with its distributors. Even then,
> the manufacturer's remedy is generally against its distributor for
> breach of contract; the manufacturer can only pursue the retailer if
> the retailer maliciously induced the breach.

*Id.* at 12.

/ / /

/ / /

71825-00239/1778396.1

6

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

EXHIBIT *B*
PAGE *156*

NOTICE OF HEARING ON DEMURRERS; DEMURRERS OF COSTCO TO
PLAINTIFF'S FIRST AMENDED COMPLAINT

1

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>None of the Causes of Action Against Costco is Sufficient</u>

The First Cause of Action for unfair competition is brought under Business & Professions Code sections 17200, *et seq.* It alleges, in vague and conclusory terms and on information and belief, that Defendants "have wrongfully and unlawfully misappropriated, diverted, distributed, and/or sold Hobie Cat products (FAC ¶ 19) and "engaged in unlawful business practices." (FAC ¶ 20)

To allege a section 17200 violation, the Plaintiff must allege the "particular section of the statutory scheme which was violated" and describe with "reasonable particularity the facts supporting violation." *Khoury v. Maly's of California, Inc.* (1993) 14 Cal. App. 4th 612, 619; *Gregory v. Albertson's, Inc.* (2002) 104 Cal. App. 4th 845, 854. The FAC does neither. As set forth above, there is nothing illegal about acquiring merchandise from a seller other than the manufacturer. The allegations of the FAC do not, and could not, allege a UCL violation.

The Second Cause of Action alleges intentional interference with contractual relations. This legal theory requires pleading and proof that Costco knew of a contract between Plaintiff and Premier, and that defendant intended to interfere with the contractual relationship. *Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal. 3d 1118, 1126. Plaintiff makes no showing of such knowledge or intent. Indeed, there is no allegation of a contract that was breached, much less interfered with.

As the Court held in *Citizens of Humanity*, a manufacturer can prevail on this theory only "when the manufacturers could prove only that the non-salon retailers had obtained products from distributors known to be in breach of their contracts, and could not establish that the retailers had actively induced the distributors' breach." 171 Cal.App.4th at 11, citing *John Paul Mitchell v. Randalls Food Markets* (Tex.Ct.App. 2000) 17 S.W.3d 721, 730-732; *Matrix Essentials, Inc. v. Cosmetic Gallery, Inc.* (D.N.J. 1994) 870 F.Supp. 1237, 1248; *Quelimane Co. v. Stewart Title*

71825-00239/1778396.1

7

EXHIBIT 13
PAGE 157

1    *Guaranty Co.* (1998) 19 Cal.4th 26, 56-57.

2

3        The Third Cause of Action alleges negligent interference with economic relations.  This

4    requires pleading that Costco knew of an economic relationship between Plaintiff and Premier

5    which would be disrupted by Costco's conduct, and that Costco engaged in an act that was

6    wrongful by some legal measure other than the fact of interference itself.  *Contemporary Services*

7    *Corp. v. Staff Pro Inc.* (2007) 152 Cal. App. 4th 1043, 1060.  Plaintiff makes no showing that

8    Costco knew of any economic relationship between Plaintiff and Premier, or, in light of *Citizens*

9    *of Humanity*, that Costco engaged in any act that was independently wrongful.

10

11       The Fourth Cause of Action alleges Unjust Enrichment.  "'[T]here is no cause of action in

12   California for unjust enrichment.'  Unjust enrichment is synonymous with restitution."  *Durell v.*

13   *Sharp Healthcare* (2010) 183 Cal. App. 4th 1350, 1370 (citations omitted).  The circumstances

14   where restitution may be ordered include "'in lieu of breach of contract damages when the parties

15   had an express contract, but it was procured by fraud or is unenforceable or ineffective for some

16   reason.  Alternatively, restitution may be awarded where the defendant obtained a benefit from

17   the plaintiff by fraud, duress, conversion, or similar conduct.  In such cases, the plaintiff may

18   choose not to sue in tort, but instead to seek restitution on a quasi-contract theory.…  In such

19   cases, where appropriate, the law will imply a contract (or rather, a quasi-contract), without

20   regard to the parties' intent, in order to avoid unjust enrichment.'"  *Durell,* 183 Cal. App. 4th at

21   1370, *quoting  McBride v. Boughton* (2004) 123 Cal. App. 4th 379, 388 (internal citations

22   omitted).

23

24       The FAC alleges no facts which would support quasi-contractual recovery or restitution

25   against Costco.

26   / / /

27   / / /

28   / / /

71825-00239/1778396.1

8


EXHIBIT 13
PAGE 158

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1     For all the foregoing reasons, Defendant Costco respectfully requests that the Court

2   sustain the demurrers.

3

DATED:  May 13, 2011

4                                                    GREENBERG GLUSKER FIELDS
                                                     CLAMAN & MACHTINGER LLP
5

6                                                    By: _____
                                                         NORMAN H. LEVINE
7                                                        Attorneys for Defendant Costco
                                                         Wholesale Corporation
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

71825-00239/1778396.1                        9

EXHIBIT 13
PAGE 159

# PROOF OF SERVICE
## CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On May 13, 2011, I served the foregoing document described as **NOTICE OF HEARING ON DEMURRERS; DEMURRERS OF DEFENDANT COSTCO WHOLESALE CORPORATION TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action

☒       by placing ☐ the original ☒   a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

Steven J. Cologne, Esq.                    Attorneys for Plaintiff
Robert J. Fitzpatrick, Esq.                R & R Sails, Inc. dba Hobie Cat
HIGGS, Fletcher & Mack LLP                 Company
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913

Mr. David Russell
Premier Incentive Group
5525 South Valley View Boulevard
Suite 10
Las Vegas, Nevada 89118

**BY REGULAR U.S. MAIL:**

☒       As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 13, 2011, at Los Angeles, California.

☒ (State)       I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

NANCY L. LUIS                          _Nancy A. Luis_
                                       SIGNATURE

EXHIBIT 13
PAGE 160

71825-00239/1774828.1

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

BLUEBIRD OFFICE SUPPLIES
(888) 477-0700
www.bluebirdonline.com

RICHARD L. MANN - Bar No. 66702
EZRA BRUTZKUS GUBNER LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: 818.827.9000
Facsimile: 818.827.9099
Email:      rmann@ebg-law.com

Attorneys for Defendant
Premier Incentive Group, LLC

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO, NORTH COUNTY DIVISION

| | |
|---|---|
| R & R SAILS, INC. dba HOBIE CAT COMPANY,<br><br>                    Plaintiff,<br><br>        v.<br><br>PREMIER INCENTIVE GROUP, LLC; COSTCO CORPORATION; and DOES 1-100, Inclusive,<br><br>                    Defendants. | Case No. 37-2011-00053159-CU-BT-NC<br><br>**ANSWER OF PREMIER INCENTIVE GROUP, LLC TO FIRST AMENDED COMPLAINT**<br><br>Action Filed:     April 7, 2011<br>Judge Assigned:  Honorable Earl H. Mass, III<br>                          Dept. N-28 |

Defendant, Premier Incentive Group, LLC ("Defendant"), for itself and no others, answers Plaintiff, R & R Sails, Inc. dba Hobie Cat Company's ("Plaintiff") unverified First Amended Complaint as follows:

Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, Defendant hereby denies generally and specifically, conjunctively and disjunctively, each and every allegation contained in the First Amended Complaint, and further denies that Plaintiff is entitled to recover damages in any amount, or at all, from this Defendant.

///

///

EXHIBIT 14
PAGE 161

-1-
Answer Of Premier Incentive Group, LLC To First Amended Complaint

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     Plaintiff fails to allege facts sufficient to state any cause of action against Defendant for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.     Plaintiff's claims are barred, in whole or in part, by all applicable statutes of limitations contained in California Code of Civil Procedure, Sections 338, 339, 340 and related provisions and/or under federal law.

### THIRD AFFIRMATIVE DEFENSE

3.     Plaintiff waived any and all claims, rights and demands in the First Amended Complaint.

### FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiff is estopped from asserting the claims, rights and demands in the First Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

5.     If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, recklessness, negligence or intentional misconduct of Plaintiff, and not by Defendant.

### SIXTH AFFIRMATIVE DEFENSE

6.     By virtue of Plaintiff's wrongful conduct, Plaintiff is barred from recovering against Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff has failed, refused, and neglected to take reasonable steps to mitigate the alleged damages, if any, thus barring or diminishing any recovery by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiff consented or acquiesced to the acts or omissions of Defendant alleged in the First Amended Complaint.

///

EXHIBIT __14__
PAGE __162__

1

**NINTH AFFIRMATIVE DEFENSE**

2    9.        Plaintiff's claims are barred by the doctrine of laches.

3

**TENTH AFFIRMATIVE DEFENSE**

4    10.      If Plaintiff suffered or sustained any loss, injury, damage or detriment, the same

5  was directly and proximately caused and contributed to by the breach, conduct, acts, omissions,

6  activities, carelessness, recklessness, negligence, and/or intentional misconduct of third parties,

7  and not by Defendant.

8

**ELEVENTH AFFIRMATIVE DEFENSE**

9    11.      Defendant has committed no act or omission causing damage to Plaintiff.

10

**TWELFTH AFFIRMATIVE DEFENSE**

11   12.      The damages claimed by Plaintiff in the First Amended Complaint are

12  speculative.

13

**THIRTEENTH AFFIRMATIVE DEFENSE**

14   13.      Plaintiff's claims are barred as Plaintiff unreasonably failed to take advantage of

15  the preventive or corrective opportunities provided by Defendant and/or third parties, or to avoid

16  harm otherwise.

17

**FOURTEENTH AFFIRMATIVE DEFENSE**

18   14.      Defendant's actions or omissions were not the cause of any of Plaintiff's alleged

19  injuries and damages.

20

**FIFTEENTH AFFIRMATIVE DEFENSE**

21   15.      Plaintiff's First Amended Complaint fails to state facts sufficient to support an

22  award of punitive or exemplary damages against Defendant.

23

**SIXTEENTH AFFIRMATIVE DEFENSE**

24   16.      At all times alleged in the First Amended Complaint, and afterwards, Plaintiff did

25  not exercise ordinary care, caution or prudence to protect his own interests and the resulting

26  damages, if any, sustained by the Plaintiff were proximately caused by Plaintiff's own

27  negligence.  Plaintiff's claims, and each of them, are therefore barred, in whole or in part, by the

28  doctrine of comparative negligence.

EXHIBIT _14_
PAGE _163_

-3-

Answer Of Premier Incentive Group, LLC To First Amended Complaint

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.      The acts and/or omissions referred to in the First Amended Complaint, if any, were solely and wholly those of others, and not those of Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.      At all times alleged in the First Amended Complaint, persons other than Defendant were negligent or reckless with respect to the events and occurrences alleged in the First Amended Complaint; the negligence or recklessness of said persons was the proximate cause of any damage or injury, if any, allegedly suffered by Plaintiff, and Defendant request a declaration of indemnification and contribution as to all other parties or persons in accordance with the apportionment of fault.

## NINETEENTH AFFIRMATIVE DEFENSE

19.      Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Defendant therefore reserves the right to assert additional affirmative defenses in the event its discovery indicates they are appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1.      The First Amended Complaint be dismissed with prejudice or judgment entered in favor of Defendant;

2.      That Plaintiff take nothing by reason of the First Amended Complaint;

3.      That Defendant be awarded their costs including reasonable attorney's fees; and

4.      For such other relief as the Court deems just and proper.

Dated: June 3, 2011                    EZRA BRUTZKUS GUBNER LLP

By: _____
Richard L. Mann
Attorneys for Defendant
Premier Incentive Group, LLC

EXHIBIT 14
PAGE 164

-4-
Answer Of Premier Incentive Group, LLC To First Amended Complaint

1

## **PROOF OF SERVICE**

2

At the time of service I was over 18 years of age and not a party to this action.  My

3 business address is 21650 Oxnard Street, Suite 500 Woodland Hills, CA  91367.

4

On June 3, 2011, I served the following documents on the persons listed below, as

5 follows:  ANSWER OF PREMIER INCENTIVE GROUP, LLC TO FIRST AMENDED
COMPLAINT

6

### **SEE ATTACHED LIST**

7

[X]   **By United States mail:**  I enclosed the documents in a sealed envelope or package

8 addressed to the persons at the addresses listed above and placed the envelope for
collection and mailing, following our ordinary business practices.  I am readily familiar

9 with this business's practice for collecting and processing correspondence for mailing.
On the same day that correspondence is placed for collection and mailing, it is deposited

10 in the ordinary course of business with the United States Postal Service, in a sealed
envelope with postage fully prepaid.  I am a resident or employed in the county where

11 the mailing occurred.  The envelope or package was placed in the mail at Woodland
Hills, CA.

12

13   [ ]   **By overnight delivery:**  I enclosed the documents in an envelope or package provided
by an overnight delivery carrier and addressed to the persons at the addresses listed

14 above.  I placed the envelope or package for collection and overnight delivery at an
office or a regularly utilized drop box of the overnight delivery carrier.

15

16   [ ]   **By messenger service:**  I served the documents by placing them in an envelope or
package addressed to the persons at the addresses listed above and providing them to a

17 professional messenger service for service.

18   [ ]   **By fax transmission:**  Based on an agreement of the parties to accept service by fax
transmission, I faxed the documents to the persons at the fax numbers listed above.  No

19 error was reported by the fax machine that I used.  A copy of the record of the fax
transmission, which I printed out, is attached.

20

21   [ ]    **By e-mail or electronic transmission:**  Based on a court order or an agreement of the
parties to accept service by e-mail or electronic transmission, I caused the documents to

22 be sent to the persons at the e-mail addresses listed above.  I did not receive, within a
reasonable time after the transmission, any electronic message or other indication that

23 the transmission was unsuccessful.

24

I declare under penalty of perjury under the laws of the State of California that the

25 foregoing is true and correct.

26

Executed on June 3, 2011, at Woodland Hills, CA.

27

_Maria A. Abel_

Maria A. Abel

28

EXHIBIT _14_
PAGE _165_

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
R & R SAILS, INC., et al. vs. PREMIER INCENTIVE GROUP, et al.
Case No. 37-2011-00053159-CU-BT-NC

Robert J. Fitzpatrick, Esq.
Steven J. Cologne, Esq.
Higgs Fletcher & Mack
401 West A Street, Suite 2600
San Diego, CA  92101
Telephone:  (619) 236-1551
Facsimile:   (619) 696-1410
E-mail:  fitzpatrickr@higgslaw.com

Attorneys for Plaintiff
R & R Sails, Inc. dba Hobie Cat
Company

Norman H. Levine, Esq.
Rachel Wilkes, Esq.
Greenberg Glusker Fields Claman & Machtinger
1900 Avenue of the Stars, Suite 2100
Los Angeles, CA  90067
Telephone:  310.2017451
Facsimile:   (310) 201-2351

Attorneys for Defendant
Costco Corporation

413748

EXHIBIT 14
PAGE 166

Recycled Paper

BLUEBIRD
(310) 477-0700

EXHIBIT 15

1 STEVEN J. COLOGNE, ESQ. (Bar No. 118534)
scologne@higgslaw.com
2 ROBERT J. FITZPATRICK, ESQ. (Bar No. 265602)
fitzpatrickr@higgslaw.com
3 HIGGS, FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
4 San Diego, CA 92101-7913
TEL: 619.236.1551
5 FAX: 619.696.1410

6 Attorneys for Plaintiff
HOBIE CAT COMPANY fka R R SAIL, INC.

7

**RECEIVED**

**JUN 2 1 2011**

**GGFCMK**

8 **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

9 **NORTH COUNTY DIVISION**

10

11 R & R SAILS, INC. dba HOBIE CAT
COMPANY,
12
                                                CASE NO. 37-2011-00053159-CU-BT-NC
13                      Plaintiff,               **OPPOSITION TO DEMURRERS OF
                                                COSTCO WHOLESALE CORPORATION
                                                TO HOBIE CAT COMPANY'S FIRST
                                                AMENDED COMPLAINT**
14 v.

15 PREMIER INCENTIVE GROUP, LLC;
COSTCO CORPORATION; and                         DEPT:        NC-28
16 DOES 1-100, Inclusive,                        IC JUDGE:    Hon. Earl H. Maas, III

17                      Defendants.              Date:   July 1, 2011
                                                Time:   1:30 p.m.
18                                               Dept.:  NC-28

19                                                      I

20                                               INTRODUCTION

21         Hobie Cat stated facts sufficient to constitute its First through Fourth Causes of action

22 against Costco in its First Amended Complaint ("FAC"). This case is about Costco's wrongful

23 acquisition and sales of Hobie Cat's products. After Hobie Cat denied Costco's request to

24 become an authorized Hobie Cat dealer, Costco obtained and sold Hobie Cat products by

25 intentionally circumventing Hobie Cat's distribution network with knowledge that such conduct

26 would interfere with Hobie Cat's business relationships with its authorized dealers and sales

27 representatives. Costco's conduct was wrongful and actionable under the legal theories alleged in

28 the FAC. Hobie Cat requests this Court overrule Costco's demurrers, or at a minimum, grant

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

OPPOSITION TO DEMURRERS OF COSTCO WHOLESALE
CORPORATION TO HOBIE CAT COMPANY'S FIRST AMENDED COMPLAINT

EXHIBIT _15_
PAGE _167_

1    Hobie Cat leave to amend to allege further grounds supporting its claims against Costco.

2                                              II

3                        LEGAL STANDARDS FOR DEMURRER

4         The only issue to be considered on a demurrer is whether the facts pleaded state a valid

5    cause of action. (*Del E. Webb Corp. v. Structural Materials Co.* (1981) 123 Cal.App.3d 593,

6    604.) The Court does not consider whether the allegations are true. (*Ibid.*) The allegations in the

7    complaint must be accepted as true for purposes of ruling on the demurrer. (*Ibid.*)

8         The test on a demurrer is whether the complaint states any valid claim entitling plaintiff to

9    relief. "If the complaint states a cause of action under any theory, regardless of the title under

10   which the factual basis for relief is stated, that aspect of the complaint is good against a

11   demurrer." (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 38.) If a

12   complaint does not state a cause of action, but there is a reasonable possibility that the defect can

13   be cured by amendment, leave to amend must be granted. (*Id.* at p. 39.)

14                                             III

15                    COSTCO'S DEMURRER TO THE FIRST CAUSE
                     OF ACTION SHOULD BE OVERRULED BECAUSE HOBIE CAT
16              PLED FACTS SUFFICIENT TO STATE A CAUSE OF ACTION FOR UNFAIR
          COMPETITION UNDER BUSINESS & PROFESSIONS CODE SECTIONS 17200, ET SEQ.
17

18        1.   Hobie Cat Sufficiently Pled Facts Sufficient To State A
               Claim Under Business & Professions Code Sections 17200, Et Seq.
19

20        One way to state a claim under sections 17200, et seq., of Business and Professions Code

21   section 17200 et seq., (the "UCL"), is to allege a business practice that is forbidden by law. (*Stop*

22   *Youth Addiction* (1998) 17 Cal.4th 553, 560; *Olson v. Cohen* (2003) 106 Cal.App.4th 1209,

23   1214.) California law does not require specific factual allegations in addition to pleading the

24   elements of an alleged unlawful business practice, so long as the unlawful acts or civil wrongs are

25   sufficiently alleged. (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 47.)

26        Here, Hobie Cat sufficiently pled wrongful conduct on the part of Costco to state a cause

27   of action under the UCL. Specifically, Hobie Cat alleged that after Costco requested to be one of

28   Hobie Cat's authorized dealers and was persistently denied, Costco circumvented Hobie Cat and

                                               2

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

OPPOSITION TO DEMURRERS OF COSTCO WHOLESALE
CORPORATION TO HOBIE CAT COMPANY'S FIRST AMENDED COMPLAINT

EXHIBIT  15
PAGE  168

1   used its buyers (and buyers from Premier Incentive Group) to obtain Hobie Cat's products for

2   resale. (FAC ¶¶ 14-15, 19.)  Such conduct is unlawful in that it is an intentional interference with

3   the current and future business relationships between Hobie Cat and its authorized dealers and

4   consumers. (FAC, ¶¶ 16, 19, 20, 25, 27.)  That conduct alone is sufficient to support a cause of

5   action for unfair or unlawful businesses practices under the UCL.

6        The case of *Quelimane Co. v. Stewart Title Guaranty Co., supra,* 19 Cal.4th 26, is

7   illustrative.  In that case, the California Supreme Court held that a general demurrer should not

8   have been sustained against the plaintiffs where the plaintiffs did not plead their UCL claim with

9   particularity. (*Id.* at p. 47.)  The Court held that the plaintiffs pled a cause of action under the

10  UCL because it sufficiently pled the elements of an alleged unlawful act - civil conspiracy in

11  restraint of trade. (*Ibid.*)  Here, as in *Quelimane,* Hobie Cat sufficiently pled civil wrongs on the

12  part of Costco, including, among other causes of action, Costco's intentional interference with

13  Hobie Cat's business relationships with its dealers and sales representatives.

14       Costco asserts it has done nothing illegal, relying upon the case of *Citizens of Humanity v.*

15  *Costco* (2009) 171 Cal.App.4th 1.  In that case, the Court discussed the hurdles of pursuing a

16  retailer for unwanted diversion of a manufacturer's products. (*Id.* at p. 10.)  The Court suggested

17  that the sale of goods by an unacceptable retailer is not actionable if the retailer sought only to

18  compete and did not act wrongfully or maliciously. (*Id.* at p. 10 [emphasis added].)

19       Notably, the Court pointed out the law does not protect retailers engaged in malicious

20  acts, such as intentionally inducing a breach of contract. (*Id.* at p. 12.)  Hobie Cat alleged Costco

21  was repeatedly denied requests to become an authorized Hobie Cat dealer, and after being denied,

22  used its buyers to obtain the products through sources, such as Premier, which deceptively

23  induced Hobie Cat into supplying its products outside the dealer chain.  Hobie Cat also expressly

24  alleged Costco's knowledge of Hobie Cat's relationships with the other dealers when it obtained

25  Hobie Cat products, and also alleged Costco's knowledge its conduct would undermine those

26  relationships. (FAC, ¶ 26 and 27.)  Costco's conduct, as alleged in the FAC, was independently

27  wrongful and malicious.  Such conduct is not protected under any legal theory.

28  ///

3

EXHIBIT 15
PAGE 169

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

OPPOSITION TO DEMURRERS OF COSTCO WHOLESALE
CORPORATION TO HOBIE CAT COMPANY'S FIRST AMENDED COMPLAINT

### 2. Hobie Cat Is Not Required To Plead Particular UCL Provisions

Costco relies on *Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 618 for the proposition that Hobie Cat must allege the particular section of the UCL statutory scheme which was violated.[1] That false advertising case is distinguishable in that the plaintiffs failed to describe with any reasonable particularity the facts supporting the false advertising provisions of the UCL. The plaintiff merely pled: "Defendants breached the statute by refusing to sell [certain products] to plaintiff, for the purpose of ruining and interfering with his beauty and supply business, with the effect of misleading plaintiff's customers." (*Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 619.) The complaint in that case alleged no other facts in connection with their UCL cause of action. (*Id.*) The Court agreed with the trial court in sustaining defendants demurrer because, among other things:

1. The alleged facts clearly did not involve deceptive advertising;
2. The facts failed to explain the manner of misleading appellant's customers;
3. The facts did not describe the manner in which respondent's practice is "unlawful;" and
4. The plaintiff had three opportunities to plead his theory of unfair business competition, and each amendment contributed insignificant improvement.

(*Khoury v. Maly's of California, Inc.* (1993) 14 Cal.App.4th 612, 619.)

The factual allegations in Hobie Cat's FAC are clearly far superior to the inadequate allegations in *Khoury*. Hobie Cat alleged a business relationship between it and its sales representatives and dealers (FAC, ¶¶ 9-10.) Hobie Cat also alleged Costco asked to be a part of Hobie Cat's dealer chain, was denied, and then intentionally circumvented the Hobie Cat-dealer chain, in order to offer the illegally obtained products for sale in its stores. (FAC, ¶¶ 14, 15, 19, 20.) Hobie Cat's UCL claim requires no further allegations.

For the above reasons, Costco's demurrer to the first cause of action should be overruled. If this Court is inclined to sustain Costco's demurrer to Hobie Cat's first cause of action, Hobie

///

---

[1] Costco also cites *Gregory v. Alberston's Inc.* (2002) 104 Cal.App.4th 845, 854 for the same proposition, but that case merely cites *Khoury* and is even less applicable as it concerns anti-trust statutes. (*Gregory v. Alberston's Inc., supra*, 104 Cal.App.4th at p. 857.)

EXHIBIT 15
PAGE 170

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
San Diego

OPPOSITION TO DEMURRERS OF COSTCO WHOLESALE CORPORATION TO HOBIE CAT COMPANY'S FIRST AMENDED COMPLAINT

1    Cat should be granted leave to amend.  (See, e.g., *Stevens v. Superior Court* (1999) 75

2    Cal.App.4th 594, 609.)

3                                                    IV

4        **COSTCO'S DEMURRER TO THE SECOND CAUSE OF ACTION SHOULD BE
      OVERRULED BECAUSE HOBIE CAT PLED FACTS SUFFICIENT TO STATE A CAUSE**
5    **OF ACTION FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**

6            The elements which a plaintiff must plead to state the cause of action for

7    intentional interference with contractual relations are:  (1) a valid contract between

8    plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's

9    intentional acts designed to induce a breach of disruption of the contractual relationship;

10   (4) actual breach or disruption of the contractual relationship; and (5) resulting damage.

11   (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 55 [quoting *Pacific Gas &*

12   *Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1126].)

13           Costco demurs on the grounds Hobie Cat "makes no showing" of knowledge of a

14   contractual relationship with Premier, or Costco's intent to interfere with it, and Hobie Cat did not

15   allege a breach or interference.  Costco misidentifies the key business relationship at issue.  Hobie

16   Cat alleges Costco and Premier disrupted the relationship between Hobie Cat and its sales

17   representative and dealers, not between Hobie Cat and Premier.  The FAC alleges as follows:

18           At all relevant times <u>there existed a contractual relationship between the
             Plaintiff and its sales representatives and dealers</u>, which afforded, and
19           continues to afford, contractual rights and a future expectancy of ongoing
             and continuing sales and business.  (FAC ¶ 25.)
20
             The Plaintiff alleges on information and belief that <u>Defendants knew of the
21           existence of these contracts</u>.  (FAC, ¶ 26.)

22           The Plaintiff alleges on information and belief that the <u>Defendants without
             justification intended to disrupt the performance of these contracts</u> by,
23           among other things, transporting, warehousing, buying and selling Hobie
             Cat products that were knowingly diverted.  (FAC, ¶ 27.)
24
             The Plaintiff alleges on information and belief that the <u>Defendants' conduct
25           prevented contractual performance</u> or made performance more expensive
             or difficult.  (FAC, ¶ 28.)
26

27           As shown above, Hobie Cat has clearly pled the essential elements of the cause of action for

28   intentional interference with contractual relations.  It also pled particular facts supporting each

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

                            5

OPPOSITION TO DEMURRERS OF COSTCO WHOLESALE
CORPORATION TO HOBIE CAT COMPANY'S FIRST AMENDED COMPLAINT

EXHIBIT 15
PAGE 171

1    element. Hobie Cat alleged Costco knew of its relationships with its dealers and sales

2    representatives. Costco's asking to become an authorized dealer of Hobie Cat products

3    necessarily implies Costco was aware of Hobie Cat-Dealer business relationships. Costco's

4    actions to circumvent Hobie Cat's dealer network are allegations supporting Costco's intent to

5    disrupt those relationships. Finally, Hobie Cat alleged Costco's conduct disrupted contractual

6    performance. For these reasons, Costco's demurrer to Hobie Cat's second cause of action should

7    be overruled.

8                                            V

9                          COSTCO'S DEMURRER TO THE THIRD
                      CAUSE OF ACTIONSHOULD BE OVERRULED BECAUSE
10               HOBIE CAT PLED FACTS SUFFICIENT TO STATE A CAUSE OF
                 ACTION FOR NEGLIGENT INTERFERENCE WITH ECONOMIC RELATIONS
11

12           Hobie Cat sufficiently pled a cause of action for negligent interference with economic

13   relationships. Again, in its demurrer, Costco misidentified the economic relationship with which

14   Hobie Cat alleged it interfered. The relationship alleged to have been interfered with was that

15   between Hobie Cat and its dealers and sales representatives, not Hobie Cat and Premier.

16           Hobie Cat also sufficiently alleged independently wrongful conduct on the part of Costco.

17   Specifically, Hobie Cat pled Costco knew of the business relationships between Hobie Cat and its

18   dealers and sales representative and should have known its conduct in obtaining and reselling

19   Hobie Cat products at a price below that of Hobie Cat's authorized dealers would harm such

20   relationships. (FAC, ¶¶ 31-34.)

21           Because Hobie Cat sufficiently pled all the essential elements of a cause of action for

22   negligent interference with economic relations, Costco's demurrer to the third cause of action

23   should be overruled.

24                                          VI

25                    COSTCO'S DEMURRER TO THE FOURTH CAUSE OF
                 ACTION SHOULD BE OVERRULED BECAUSE HOBIE CAT PLED
26          FACTS SUFFICIENT TO STATE A CAUSE OF ACTION FOR UNJUST ENRICHMENT

27           Hobie Cat properly pled a theory for recovery for unjust enrichment. Costco contends the

28   conduct alleged by Hobie Cat does not warrant recovery under an unjust enrichment theory.

                                            6

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

OPPOSITION TO DEMURRERS OF COSTCO WHOLESALE
CORPORATION TO HOBIE CAT COMPANY'S FIRST AMENDED COMPLAINT

EXHIBIT 15
PAGE 172

1  However, unjust enrichment is available in many circumstances and may be used to redress

2  statutory violations. (*People v. Beaumont Inv., Ltd.* (2003) 111 Cal.App.4th 102, 134.) In fact,

3  the UCL specifically authorizes recovery under an unjust enrichment theory: "The court may

4  make such orders or judgments ... as may be necessary to restore to any person in interest any

5  money or property ... acquired by means of such unfair competition." (*People v. Beaumont Inv.,*

6  *Ltd.* (2003) 111 Cal.App.4th 102, 134; Bus. & Prof. Code, § 17203.)

7       Moreover, in contrast to unjust enrichment based in contract law, statutory unjust

8  enrichment or restitution is not solely "intended to benefit the victims by the return of money, but

9  instead is designed to penalize a defendant for past unlawful conduct and thereby deter future

10  violations." (*Id.* at p. 135 [quoting *People v. Toomey, supra,* 157 Cal.App.3d at pp. 25–26, 203

11  Cal.Rptr. 642 [UCL violations].)

12       It is clear Hobie Cat may be entitled to recover on a theory of unjust enrichment. As such,

13  Costco's demurrer to the Fourth cause of action should be overruled.

14                                    VII

15                              <u>CONCLUSION</u>

16       For the above reasons, Costco's demurrers to the First, Second, Third and Fourth causes

17  of action should be overruled. If the Court is not inclined to overrule Costco's demurrers, the

18  Court should grant Hobie Cat leave to amend the First Amended Complaint.

19  DATED:  June 20, 2011              HIGGS, FLETCHER & MACK LLP

20

21                                    By:
22                                       STEVEN J. COLOGNE, ESQ.
                                         ROBERT J. FITZPATRICK, ESQ.
23                                       Attorneys for Plaintiff
                                         HOBIE CAT COMPANY fka R R SAIL,
                                         INC.
24

25

26

27

28  1018494.1                          7

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

OPPOSITION TO DEMURRERS OF COSTCO WHOLESALE
CORPORATION TO HOBIE CAT COMPANY'S FIRST AMENDED COMPLAINT

EXHIBIT _15_
PAGE _173_

STEVEN J. COLOGNE, ESQ. (Bar No. 118534)
scologne@higgslaw.com
ROBERT J. FITZPATRICK, ESQ. (Bar No. 265602)
fitzpatrickr@higgslaw.com
HIGGS, FLETCHER & MACK LLP
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913
TEL: 619.236.1551
FAX: 619.696.1410

Attorneys for Plaintiff
HOBIE CAT COMPANY fka R R SAIL, INC.

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## NORTH COUNTY DIVISION

| | |
|---|---|
| R & R SAILS, INC. dba HOBIE CAT COMPANY, | CASE NO. 37-2011-00053159-CU-BT-NC |
| | **PROOF OF SERVICE BY MAIL** |
| Plaintiff, | |
| v. | DEPT:           28 |
| | IC JUDGE:    Hon. Earl H. Maas, III |
| PREMIER INCENTIVE GROUP, LLC; COSTCO CORPORATION; and DOES 1-100, Inclusive, | |
| Defendants. | |

I, the undersigned, declare as follows:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 401 West A Street, Suite 2600, San Diego, California 92101.

On June 20, 2011, I served a copy of the following documents:

**OPPOSITION TO DEMURRERS OF COSTCO WHOLESALE CORPORATION TO HOBIE CAT COMPANY'S FIRST AMENDED COMPLAINT**

/ / /

/ / /

/ / /

EXHIBIT 15
PAGE 174

HIGGS, FLETCHER
& MACK LLP
ATTORNEYS AT LAW
San Diego

PROOF OF SERVICE

1  ☐  By transmitting via facsimile the document(s) listed above to the fax number(s) set
2      forth below on this date before 5:00 p.m.  A copy of the transmission report issued
       by the transmitting facsimile machine is attached hereto.

3  ☐  by placing the document(s) listed above in a sealed envelope with postage thereon
       fully prepaid, in the United States mail at San Diego, California addressed as set
4      forth below.

5  ☒  By placing the document(s) listed above in a sealed envelope and affixing a pre-
       paid overnight air bill, and causing the envelope to be delivered to an agent for
6      overnight delivery.

7  ☐  By personally having delivered the documents listed above to the persons at the
       addresses set forth below.
8

9

| Counsel for Defendant COSTCO CORPORATION: | Counsel for Defendant PREMIER INCENTIVE GROUP: |
|---|---|
| Norman H. Levine, Esq.<br>Rachel Wilkes, Esq.<br>Greenberg Glusker Fields Claman & Machtinger LLP<br>1900 Avenue of the Stars, 21st Floor<br>Los Angeles, CA 90067<br>Telephone:   (310) 201-7451<br>Facsimile:   (310) 201-2351 | Richard L. Mann, Esq.<br>Erza Brutzkus Gubner LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367<br>Telephone:   (818) 827-9104<br>Facsimile:   (818) 827-9099 |

16      I declare under penalty of perjury under the laws of the State of California that the above
17  is true and correct.
18      Executed on June 20, 2011, at San Diego, California.

                                          Amy E. Clark

EXHIBIT 15
PAGE 175

HIGGS, FLETCHER & MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

1008960.1                    2
                    PROOF OF SERVICE