

BLUEBIRD OFFICE SUPPLIES (888) 477-0700 www.bluebirdsite.com

**EXHIBIT 16**

1  NORMAN H. LEVINE (SBN 061884)
   NLevine@GreenbergGlusker.com
2  RACHEL WILKES (SBN 240642)
   rwilkes@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS
      CLAMAN & MACHTINGER LLP
4  1900 Avenue of the Stars, 21st Floor
   Los Angeles, California 90067-4590
5  Telephone: 310.553.3610
   Fax: 310.553.0687
6
   Attorneys for Defendant
7  COSTCO WHOLESALE CORPORATION

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       COUNTY OF SAN DIEGO

11

12  R & R SAILS, INC. dba HOBIE CAT          Case No.  37-2011-00053159-CU-BT-NC
    COMPANY,
13                                           [Assigned to Hon. Earl H. Maas, III]
                    Plaintiff,
14                                           **REPLY BRIEF IN SUPPORT OF
        v.                                   DEMURRERS OF DEFENDANT
15                                           COSTCO WHOLESALE
    PREMIER INCENTIVE GROUP, LLC;            CORPORATION TO PLAINTIFF'S
16  COSTCO WHOLESALE                         FIRST AMENDED COMPLAINT**
    CORPORATION; and DOES 1-100,
17  Inclusive,                               Date:  July 1, 2011
                                             Time:  1:30 p.m.
18                  Defendants.              Dept.  28
19                                           Action Filing Date:  April 11, 2011

20        Defendant Costco Wholesale Corporation has demurred to Plaintiff's four causes of action

21  for: (1) unfair competition; (2) intentional interference with contractual relations; (3) negligent

22  interference with economic relations; and (4) unjust enrichment.  Plaintiff's four causes of action

23  consist of four different attempts to claim that Costco has acted unlawfully by re-selling

24  Plaintiff's kayaks, which Plaintiff originally sold to Defendant Premier.

25        As shown in the moving papers, and not challenged in the opposition, the purchase and re-

26  sale of a manufacturer's goods by an unauthorized retailer, without more, is simply not

27  actionable.  The fact that the manufacturer may have specifically declined to authorize sales by

28  that retailer makes no difference.  As set forth more fully in Costco's demurrer,

71825-00239/1783903.3                                                     1

REPLY RE DEMURRERS OF COSTCO TO
PLAINTIFF'S FIRST AMENDED COMPLAINT



EXHIBIT 16
PAGE 176

1    Once the manufacturer has sold its goods to a distributor, the

2    manufacturer can have no control over the retailers to whom the

3    distributor resells the goods. If the manufacturer wishes to retain

4    this control, it can best do so by means of its contract with its

5    distributors.

6   *Citizens of Humanity v. Costco Wholesale Corp.* (2009) 171 Cal.App.4th 1, 10.

7        Despite this clear law, the premise of each of Plaintiff's legal theories is that Costco is

8   doing something wrong simply because Plaintiff does not want Costco to sell its merchandise.

9   None of Plaintiff's causes of action is adequately pled, nor may any of them be remedied by a

10  further amendment.

11

12               First Cause of Action for Unfair Competition

13       In order to state a claim for unfair competition, Plaintiff must plead with specificity the

14  "particular section of the statutory scheme which was violated" and describe with "reasonable

15  particularity the facts supporting violation." *Khoury v. Maly's of California, Inc.* (1993) 14

16  Cal.App.4th 612, 619.  Plaintiff has not done so and cannot do so.  Instead, Plaintiff has attempted

17  unconvincingly to argue that *Khoury* is not good law.  Plaintiff is simply wrong.

18       In its attempt to discredit *Khoury*, Plaintiff cites *Quelimane Co. v. Stewart Title Guaranty

19  Co.* (1998) 19 Cal. 4th 26, 47.  *Quelimane* addresses an entirely different issue.  It holds that the

20  rule requiring fraud to be pled with specificity does not apply to UCL claims.  *Quelimane* does

21  not address, and has nothing to do with, the rule requiring that the statute be identified and the

22  violation to be described.  There, the complaint alleged as wrongful conduct that the title

23  insurance company represented that it would issue insurance on any property with good title,

24  when it in fact would not issue based on tax deeds.  The Court held that this alleged violations of

25  two specifically identified statutes—the Cartwright Act, Business and Professions Code section

26  16720, and the false advertising statute, Business and Professions Code Section 17500—and

27  therefore stated a cause of action under the UCL.

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

71825-00239/1783903.3                    2

EXHIBIT 16
PAGE 177

1    To allow a UCL claim to proceed without reference to a specific statute would not only be

2  contrary to law, it would be enormously unfair to the defendant. The UCL is broad enough

3  already without forcing a party to guess at what he or she is alleged to have done wrong.

4  Moreover, without the statute being identified in the pleading, the defendant cannot challenge the

5  sufficiency of the allegations. E.g. *California Consumer Health Care Council v. Kaiser*

6  *Foundation Health* (2006) 142 Cal.App.4th 21 (demurrer sustained to UCL claim where the

7  complaint failed to allege violation of predicate statute).

8    Plaintiff here contends that the basis for its UCL claim is that "Costco circumvented

9  Hobie Cat and used its buyers (and buyers from Premier Incentive Group) to obtain Hobie Cat's

10  products for resale" and that "such conduct is unlawful in that it is an intentional interference with

11  the current and future business relationships between Hobie Cat and its authorized dealers and

12  consumers." (Oppo. at p. 3.) But as set forth above, Costco's resale of Hobie Cat merchandise is

13  lawful and not actionable.

14    To the extent the supposedly "unlawful" act consists of interference with contractual

15  relations, not of the violation of a specific statute, it cannot support a claim for violation of

16  section 17200 even if plaintiff could establish interference. A common law violation (such as

17  breach of contract, breach of the implied covenant or tortious interference) is insufficient to

18  establish a UCL claim. *Textron Financial Corp. v. National Union Fire Ins. Co. of Pittsburgh*

19  (2004) 118 Cal.App.4th 1061, 1072 ("reliance on general common law principles to support a

20  cause of action for unfair competition is unavailing"); *see also Shroyer v. New Cingular Wireless*

21  *Servcs.* (9th Cir. 2010) 622 F.3d 1035, 1043-1044 (a common law violation such as breach of

22  contract is insufficient to state a claim under the unlawful prong of § 17200).

23    Plaintiff seems to believe that it can plead a UCL violation merely by saying a party acted

24  unfairly, even if its conduct was in compliance with law. There is no support in the law for this

25  belief.

26

27  <u>Second Cause of Action for Intentional Interference With Contractual Relations</u>

28    In order to state a claim for interference with contractual relations, Plaintiff is required to

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1    allege "the existence of a valid contract between plaintiff and a third party." *Quelimane*, 19

2    Cal.4th at 56 (emphasis added).   Instead, Plaintiff has simply alleged that "there existed a

3    contractual relationship between the Plaintiff and its sales representatives and dealers, which

4    afforded, and continues to afford, contractual rights and a future expectancy of ongoing and

5    continuing sales and business." (FAC, ¶ 25, emphasis added.)  Nowhere does Plaintiff allege the

6    existence of any specific contract, the parties to any such contract, the terms of the contract, or

7    what rights it afforded the parties.  While Plaintiff refers to its "complex network of sales

8    representatives and dealers," and that they are conferred with "certain exclusive rights," Plaintiff

9    fails to allege that those rights are provided to any <u>particular</u> party or parties by any <u>particular</u>

10   contract or contracts.  This is similar to the discredited, interference with the market theory,

11   rejected in the context of the related tort of interference with prospective business advantage in

12   *Westside Center Associates v. Safeway Stores 23* (1996) 42 Cal. App. 4th 507.

13           What's more, Plaintiff utterly fails to explain how any aspect of its alleged contractual

14   relationship was disrupted by <u>Costco's</u> sale of Hobie Cat kayaks to its members.  There is no

15   allegation that any such contract was breached or otherwise disrupted.  To the extent the Hobie

16   Cat kayaks Costco purchased sold to its members could otherwise have been sold by Plaintiff's

17   distributors, Plaintiff itself eliminated that possibility when it sold the kayaks to Premier.

18   Manufacturers typically sell their merchandise to many distributors or retailers.  The fact that they

19   sell to one retailer is not a breach, or disruption, of a contract with another retailer.  That is not

20   interference.  It is competition.  Plaintiff therefore cannot allege that Costco disrupted Plaintiff's

21   relationships, and Plaintiff's second cause of action fails.

22

23           <u>Third Cause of Action for Negligent Interference With Economic Relations</u>

24           Plaintiff's third cause of action fails because Plaintiff has not alleged an independently

25   wrongful act.  Plaintiff contends that it satisfied this prong because, "Hobie Cat pled Costco knew

26   of the business relationships between Hobie Cat and its dealers and sales representative [sic] and

27   should have known its conduct in obtaining and reselling Hobie Cat products at a price below that

28   of Hobie Cat's authorized dealers would harm such relationships." (Oppo. at p. 6.)  But a

71825-00239/1783903.3

4

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

EXHIBIT 16
PAGE 179

plaintiff alleging interference with prospective economic relations must allege conduct that was "wrongful by some legal measure other than the fact of the interference itself." *Contemporary Services Corp. v. Staff Pro Inc.* (2007) 152 Cal.App.4th 1043,1060 (emphasis added); *Korea Supply Co. v. Lockheed Martin Corp.* (2003) 29 Cal.4th 1134, 1153–1154. Here, the alleged wrongful act is simply the alleged interference itself, and is insufficient to state a claim.

Plaintiff cannot point to any authority for the proposition that selling merchandise to consumers at a lower price than competitors is tortious or actionable. Nor does it explain how this is interference any more than if one retailer placed an ad in the newspaper and attracted a customer who might otherwise have purchased from someone else.

Moreover, Plaintiff cannot point to a specific, prospective relationship with which Costco interfered, and general "interference with the market" is not actionable. *Westside Center, supra.*

<u>Fourth Cause of Action for Unjust Enrichment</u>

Plaintiff's fourth and final cause of action for unjust enrichment is another attempt at bootstrapping. Citing *People ex rel Kennedy v. Beaumont Inv., Ltd.* (2003) 111 Cal.App.4th 102, Plaintiff contends that, "unjust enrichment is available in many circumstances and may be used to redress statutory violations" and that "the UCL specifically authorizes recovery under an unjust enrichment theory."

Plaintiff's argument proves Costco's point—unjust enrichment is <u>not</u> a separate and independent cause of action, but rather another way to describe the <u>remedy</u> of restitution. *Beaumont Inv.* did not even contain a cause of action for unjust enrichment, so it cannot be authority for the proposition that Plaintiff can plead such a cause of action. Rather, it contained a single cause of action alleging unfair business practices based on the predicate act of violation of a municipal rent control ordinance.

/ / /

/ / /

/ / /

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

71825-00239/1783903.3

5



EXHIBIT 16
PAGE 180

1       For all the foregoing reasons and those set forth in Costco's demurrers and accompanying

2 memorandum, Defendant Costco respectfully requests that the Court sustain the demurrers.

3

4 DATED: June 24, 2011                  GREENBERG GLUSKER FIELDS CLAMAN
                                        & MACHTINGER LLP

5

6                                By: _____

7                                   NORMAN H. LEVINE
                                  Attorneys for Defendant Costco Wholesale

8                                   Corporation

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

71825-00239/1783903.3                        6

EXHIBIT _16_
PAGE _181_

REPLY BRIEF IN SUPPORT OF DEMURRERS OF DEFENDANT COSTCO
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

# PROOF OF SERVICE
### CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On June 24, 2011, I served the foregoing document described as **REPLY BRIEF IN SUPPORT OF DEMURRERS OF DEFENDANT COSTCO WHOLESALE CORPORATION TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action

☒    by placing ☐ the original ☒    a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Steven J. Cologne, Esq.<br>Robert J. Fitzpatrick, Esq.<br>HIGGS, Fletcher & Mack LLP<br>401 West "A" Street, Suite 2600<br>San Diego, CA 92101-7913 | Attorneys for Plaintiff<br>R & R Sails, Inc. dba Hobie Cat Company |
| Richard L. Mann, Esq.<br>EZRA BRUTZKUS GUBNER LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, CA 91367 | Attorneys for Defendant Premier Incentive Group, LLC |

**BY REGULAR U.S. MAIL:**

☒    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**AND BY E-MAIL:**

☒    A true and correct copy of the document set forth above was sent via e-mail to Steven J. Cologne, Esq. at scologne@higgslaw.com and to Robert J. Fitzpatrick, Esq. at fitzpatrickr@higgslaw.com, attorneys for plaintiffs, and to Richard L. Mann, Esq. at rmann@ebg-law.com, attorney for Defendant Premier Incentive Group, LLC.

Executed on June 24, 2011, at Los Angeles, California.

☒ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

NANCY L. LUIS

_Nancy A. Luis_
SIGNATURE

EXHIBIT  16
PAGE  182

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

BLUEBIRD
OFFICE SUPPLIES
(888) 477-0700
www.bluebirdonline.com

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF SAN DIEGO
### NORTH COUNTY

### MINUTE ORDER

DATE: 07/01/2011                    TIME: 01:30:00 PM          DEPT: N-28

JUDICIAL OFFICER PRESIDING: Earl H. Maas, III
CLERK: Noreen McKinley
REPORTER/ERM: SueAnn Toney CSR# 10092
BAILIFF/COURT ATTENDANT:

CASE NO: **37-2011-00053159-CU-BT-NC**   CASE INIT.DATE: 04/07/2011
CASE TITLE: **R & R Sails, Inc vs. Premier Incentive Group, LLC**
CASE CATEGORY: Civil - Unlimited    CASE TYPE: Business Tort

---

**EVENT TYPE**: Demurrer / Motion to Strike

---

**APPEARANCES**
Robert Fitzpatrick, specially appearing for counsel Steven J Cologne, present for Plaintiff(s).
Norman Levine, specially appearing for Costco Corporation, self represented Defendant.

The Court hears oral argument and confirms the tentative ruling as follows:
Defendant Costco Wholesale Corporation's general demurrer to Plaintiff's second cause of action for intentional interference with contractual relations and third cause of action for negligent interference with economic relations is overruled. Defendant demurs to these causes of action on the ground that Plaintiff has failed to plead that it knew of a contractual or economic relationship between Plaintiff and Defendant Premier. However, these causes of action are based on Plaintiff's allegation that Defendant interfered with contracts or economic relationships between Plaintiff and its sales representatives and dealers, not with contracts or economic relationships between Plaintiff and Premier. (FAC, ¶¶ 25, 31.) Defendant does not address the relationships actually alleged by Plaintiff. Its demurrer cannot be sustained on the ground raised.

Defendant's general demurrer to Plaintiff's first cause of action for unfair business practices is overruled. Defendant argues that there is nothing illegal about acquiring merchandise from a seller other than the manufacturer and thus Plaintiff cannot sustain a claim for unfair business practices. However, Plaintiff alleges that Defendant intentionally interfered with contractual relations and negligently interfered with economic relations. As explained above, Defendant's demurrer to those causes of action must be overruled. As such, Plaintiff has sufficiently pled that Defendant engaged in unfair business practices.

Defendant's general demurrer to Plaintiff's fourth cause of action for unjust enrichment is sustained without leave to amend. "[T]here is no cause of action in California for unjust enrichment. Unjust enrichment is synonymous with restitution. There are several potential bases for a cause of action seeking restitution. For example, restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason. Alternatively, restitution may be awarded where the defendant obtained a benefit from the

---

DATE: 07/01/2011                        MINUTE ORDER                          Page 1
DEPT: N-28

EXHIBIT 11
PAGE 183
Calendar No.

CASE TITLE: R & R Sails, Inc vs. Premier Incentive    CASE NO: 37-2011-00053159-CU-BT-NC
 Group, LLC

plaintiff by fraud, duress, conversion, or similar conduct." (*Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1370.) Plaintiff here attempts to state a separate cause of action for unjust enrichment and argues that restitution is an available remedy for violations of unfair competition laws. However, while restitution may be an available *remedy* – and, in fact, Plaintiff seeks such a remedy in its complaint – it is not a cause of action.

Defendant shall file and serve its answer to the first amended complaint within 10 days of the date of this ruling.

Both parties waive notice.

DATE: 07/01/2011                    MINUTE ORDER                          Page 2
DEPT: N-28                                                               Calendar No.



EXHIBIT 11
PAGE 184

Recycled Paper

BLUEBIRD
(310) 477-0700

EXHIBIT 18

1  NORMAN H. LEVINE (SBN 061884)
   NLevine@GreenbergGlusker.com
2  RACHEL WILKES (SBN 240642)
   rwilkes@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS
    CLAMAN & MACHTINGER LLP
4  1900 Avenue of the Stars, 21st Floor
   Los Angeles, California  90067-4590
5  Telephone:  310.553.3610
   Fax: 310.553.0687
6

7  Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

                   COUNTY OF SAN DIEGO

10

11

12  R & R SAILS, INC. dba HOBIE CAT      Case No.  37-2011-00053159-CU-BT-NC
   COMPANY,
13                       [Assigned to Hon. Earl H. Maas, III]
            Plaintiff,
14                       **NOTICE OF RULING RE DEFENDANT**
      v.                      **COSTCO WHOLESALE**
15                       **CORPORATION'S DEMURRERS TO**
   PREMIER INCENTIVE GROUP, LLC;    **PLAINTIFF'S FIRST AMENDED**
16  COSTCO WHOLESALE             **COMPLAINT**
   CORPORATION; and DOES 1-100,
17  Inclusive,
                        Action Filing Date:  April 11, 2011
18              Defendants.

19

20      TO ALL THE PARTIES AND THEIR ATTORNEYS OF RECORD:

21

22      PLEASE TAKE NOTICE that the Demurrers of Defendant Costco Wholesale

23  Corporation to Plaintiff's First Amended Complaint came on regularly for hearing before the

24  Court, the Hon. Earl H. Maas III, Judge Presiding, in Department N-28 thereof, on July 1, 2011.

25  Plaintiff was represented by its attorneys of record, Higgs, Fletcher & Mack LLP, by Robert J.

26  Fitzpatrick.  Defendant Costco Wholesale Corporation was represented by its attorneys of record,

27  Greenberg Glusker Fields Claman & Machtinger LLP by Norman H. Levine. There was no

28  appearance on behalf of Defendant Premier Incentive Group.

71825-00239/1785481.1                      1

NOTICE OF RULING RE DEFENDANT COSTCO WHOLESALE CORPORATION'S
DEMURRERS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

EXHIBIT 18
PAGE 185

1      The Court, after hearing argument, adopted the attached Tentative Ruling as the Order of

2  the Court, overruling the demurrers to the First, Second and Third Causes of Action, sustaining

3  the demurrers to the Fourth Cause of Action without leave to amend, and ordering defendant to

4  file an answer to the First Amended Complaint within ten days.

5

DATED:  July 5, 2011                         GREENBERG GLUSKER FIELDS CLAMAN
6                                             & MACHTINGER LLP

7

8                                             By: _____
9                                                 NORMAN H. LEVINE
                                                  Attorneys for Defendant COSTCO
10                                                WHOLESALE CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

71825-00239/1785481.1                        2

EXHIBIT 18
PAGE 186

NOTICE OF RULING RE DEFENDANT COSTCO WHOLESALE CORPORATION'S
DEMURRERS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# SUPERIOR COURT OF CALIFORNIA,

## COUNTY OF SAN DIEGO

### SOUTH BUILDING

#### TENTATIVE RULINGS - June 28, 2011

EVENT DATE: 07/01/2011     EVENT TIME: 01:30:00 PM     DEPT.: N-28

JUDICIAL OFFICER: Earl H. Maas III

CASE NO.:   37-2011-00053159-CU-BT-NC

CASE TITLE: R & R SAILS, INC VS. PREMIER INCENTIVE GROUP, LLC

CASE CATEGORY: Civil - Unlimited          CASE TYPE: Business Tort

EVENT TYPE: Demurrer / Motion to Strike
CAUSAL DOCUMENT/DATE FILED:

Defendant Costco Wholesale Corporation's general demurrer to Plaintiff's second cause of action for intentional interference with contractual relations and third cause of action for negligent interference with economic relations is overruled.  Defendant demurs to these causes of action on the ground that Plaintiff has failed to plead that it knew of a contractual or economic relationship between Plaintiff and Defendant Premier.  However, these causes of action are based on Plaintiff's allegation that Defendant interfered with contracts or economic relationships between Plaintiff and its sales representatives and dealers, not with contracts or economic relationships between Plaintiff and Premier. (FAC, ¶¶ 25, 31.)  Defendant does not address the relationships actually alleged by Plaintiff.  Its demurrer cannot be sustained on the ground raised.

Defendant's general demurrer to Plaintiff's first cause of action for unfair business practices is overruled. Defendant argues that there is nothing illegal about acquiring merchandise from a seller other than the manufacturer and thus Plaintiff cannot sustain a claim for unfair business practices.  However, Plaintiff alleges that Defendant intentionally interfered with contractual relations and negligently interfered with economic relations. As explained above, Defendant's demurrer to those causes of action must be overruled.  As such, Plaintiff has sufficiently pled that Defendant engaged in unfair business practices.

Defendant's general demurrer to Plaintiff's fourth cause of action for unjust enrichment is sustained without leave to amend. "[T]here is no cause of action in California for unjust enrichment. Unjust enrichment is synonymous with restitution. There are several potential bases for a cause of action seeking restitution. For example, restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason. Alternatively, restitution may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct." (*Durell v. Sharp Healthcare* (2010) 183 Cal.App.4th 1350, 1370.)  Plaintiff here attempts to state a separate cause of action for unjust enrichment and argues that restitution is an available remedy for violations of unfair competition laws. However, while restitution may be an available *remedy* – and, in fact, Plaintiff seeks such a remedy in its complaint – it is not a cause of action.

Defendant shall file and serve its answer to the first amended complaint within 10 days of the date of this ruling.

---

Event ID: 864120                TENTATIVE RULINGS                Calendar No.:
                                     Page: 1

EXHIBIT 18
PAGE 187

3

# PROOF OF SERVICE
## CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On July 5, 2011, I served the foregoing document described as **NOTICE OF RULING RE DEFENDANT COSTCO WHOLESALE CORPORATION'S DEMURRERS TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action

☒     by placing ☐ the original ☒ a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

Steven J. Cologne, Esq.                          Attorneys for Plaintiff
Robert J. Fitzpatrick, Esq.                      R & R Sails, Inc. dba Hobie Cat
HIGGS, Fletcher & Mack LLP                       Company
401 West "A" Street, Suite 2600
San Diego, CA 92101-7913

Richard L. Mann, Esq.                            Attorneys for Defendant Premier
EZRA BRUTZKUS GUBNER LLP                          Incentive Group, LLC
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367

**BY REGULAR U.S. MAIL:**

☒     As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**AND BY E-MAIL:**

☐     A true and correct copy of the document set forth above was sent via e-mail to Steven J. Cologne, Esq. at scologne@higgslaw.com and to Robert J. Fitzpatrick, Esq. at fitzpatrickr@higgslaw.com, attorneys for plaintiffs, and to Richard L. Mann, Esq. at rmann@ebg-law.com, attorney for Defendant Premier Incentive Group, LLC.

Executed on July 5, 2011, at Los Angeles, California.

☒ (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____          _____
NANCY L. LUIS                                          SIGNATURE

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

EXHIBIT 18
PAGE 188

71825-00239/1774828.1



1   NORMAN H. LEVINE (SBN 061884)
    NLevine@GreenbergGlusker.com
2   RACHEL WILKES (SBN 240642)
    rwilkes@GreenbergGlusker.com
3   GREENBERG GLUSKER FIELDS
      CLAMAN & MACHTINGER LLP
4   1900 Avenue of the Stars, 21st Floor
    Los Angeles, California  90067-4590
5   Telephone:  310.553.3610
    Fax:  310.553.0687
6

7   Attorneys for Defendant
    COSTCO WHOLESALE CORPORATION

8

9                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF SAN DIEGO

11

12   R & R SAILS, INC. dba HOBIE CAT         Case No.  37-2011-00053159-CU-BT-NC
     COMPANY,
13                                            [Assigned to Hon. Earl H. Maas, III]
                   Plaintiff,
14                                            **ANSWER OF DEFENDANT COSTCO
         v.                                   WHOLESALE CORPORATION TO
15                                            PLAINTIFF'S FIRST AMENDED
     PREMIER INCENTIVE GROUP, LLC;            COMPLAINT**
16   COSTCO WHOLESALE
     CORPORATION; and DOES 1-100,
17   Inclusive,                               Action Filing Date:  April 11, 2011

18                 Defendants.

19

20         Defendant Costco Wholesale Corporation ("Costco"), for itself alone and for no other

21   defendant, answers the First Amended Complaint of Plaintiff R & R Sails, Inc. dba Hobie Cat

22   Company, as follows:

23

24         1.     Pursuant to §431.30(d) of the Code of Civil Procedure, Costco denies generally

25   and specifically each and every allegation of the First, Second and Third Causes of Action of

26   Plaintiff's First Amended Complaint, and specifically denies that Plaintiff had been damaged in

27   any sum by reason of any act or omission of Plaintiff, or that Plaintiff is entitled to any relief

28   against Costco.

71825-00239/1785480.1                          1

EXHIBIT  19
PAGE  189



1  NORMAN H. LEVINE (SBN 061884)
   NLevine@GreenbergGlusker.com
2  RACHEL WILKES (SBN 240642)
   rwilkes@GreenbergGlusker.com
3  GREENBERG GLUSKER FIELDS
      CLAMAN & MACHTINGER LLP
4  1900 Avenue of the Stars, 21st Floor
   Los Angeles, California 90067-4590
5  Telephone: 310.553.3610
   Fax: 310.553.0687
6
   Attorneys for Defendant
7  COSTCO WHOLESALE CORPORATION
8
                   SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
                          COUNTY OF SAN DIEGO
10
11
   R & R SAILS, INC. dba HOBIE CAT        Case No.  37-2011-00053159-CU-BT-NC
12 COMPANY,
                                          [Assigned to Hon. Earl H. Maas, III]
13                 Plaintiff,
                                          **ANSWER OF DEFENDANT COSTCO**
14       v.                               **WHOLESALE CORPORATION TO**
                                          **PLAINTIFF'S FIRST AMENDED**
15 PREMIER INCENTIVE GROUP, LLC;          **COMPLAINT**
   COSTCO WHOLESALE
16 CORPORATION; and DOES 1-100,
   Inclusive,
17                                        Action Filing Date:  April 11, 2011
                   Defendants.
18

19

20       Defendant Costco Wholesale Corporation ("Costco"), for itself alone and for no other

21 defendant, answers the First Amended Complaint of Plaintiff R & R Sails, Inc. dba Hobie Cat

22 Company, as follows:

23

24       1.       Pursuant to §431.30(d) of the Code of Civil Procedure, Costco denies generally

25 and specifically each and every allegation of the First, Second and Third Causes of Action of

26 Plaintiff's First Amended Complaint, and specifically denies that Plaintiff had been damaged in

27 any sum by reason of any act or omission of Plaintiff, or that Plaintiff is entitled to any relief

28 against Costco.

71825-00239/1785480.1                          1

EXHIBIT 19
PAGE 190

ANSWER OF DEFENDANT COSTCO WHOLESALE CORPORATION
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

1       2.      Costco does not answer the Fourth Cause of Action, as a demurrer thereto was

2 sustained without leave to amend on July 1, 2011, or the Fifth Cause of Action, which is not

3 brought against Costco.

4

5                               **FIRST AFFIRMATIVE DEFENSE**

6       3.     If Plaintiff has sustained damages, which answering defendant denies, plaintiff has

7 failed to mitigate its damages.

8

9                             **SECOND AFFIRMATIVE DEFENSE**

10       4.     The claims asserted in the First Amended Complaint are barred because Costco's

11 conduct was privileged and justified.

12

13                             **THIRD AFFIRMATIVE DEFENSE**

14       5.     The claims asserted in the First Amended Complaint are barred because plaintiff

15 cannot identify any specific, valid contract or relationship with which Costco allegedly interfered.

16

17                             **FOURTH AFFIRMATIVE DEFENSE**

18       6.     The claims asserted in the First Amended Complaint are barred by waiver.

19

20                             **FIFTH AFFIRMATIVE DEFENSE**

21       7.     The claims asserted in the First Amended Complaint are barred by estoppel.

22

23                             **SIXTH AFFIRMATIVE DEFENSE**

24       8.     The claims asserted in the First Amended Complaint are barred by plaintiff's

25 unclean hands.

26

27

28

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

71825-00239/1785480.1                                  2

EXHIBIT _19_
PAGE _191_

**SEVENTH AFFIRMATIVE DEFENSE**

9.     The claims asserted in the First Amended Complaint are barred by the competition privilege.

**EIGHTH AFFIRMATIVE DEFENSE**

10.     Plaintiff lacks standing to assert the claim set forth in the First Cause of Action of the First Amended Complaint.

WHEREFORE, Defendant Costco Wholesale Corporation prays for judgment as follows:

1.     That Plaintiff take nothing by its First Amended Complaint.

2.     For costs of suit incurred herein.

3.     For such other and further relief as the Court may deem just and proper.

DATED:  July 8, 2011

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP


By: _____
NORMAN H. LEVINE
Attorneys for Defendant COSTCO
WHOLESALE CORPORATION

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

71825-00239/1785480.1

3



EXHIBIT __19__
PAGE __192__

ANSWER OF DEFENDANT COSTCO WHOLESALE CORPORATION
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

# PROOF OF SERVICE
## CCP §1011, CCP §1013a(3)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 1900 Avenue of the Stars, Suite 2100, Los Angeles, California 90067-4590.

On July 8, 2011, I served the foregoing document described as **ANSWER OF DEFENDANT COSTCO WHOLESALE CORPORATION TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action

☒    by placing ☐ the original ☒  a true and correct copy thereof enclosed in sealed envelopes addressed as follows:

| | |
|---|---|
| Steven J. Cologne, Esq. | Attorneys for Plaintiff |
| Robert J. Fitzpatrick, Esq. | R & R Sails, Inc. dba Hobie Cat |
| HIGGS, Fletcher & Mack LLP | Company |
| 401 West "A" Street, Suite 2600 | |
| San Diego, CA 92101-7913 | |
| | |
| Richard L. Mann, Esq. | Attorneys for Defendant Premier |
| EZRA BRUTZKUS GUBNER LLP | Incentive Group, LLC |
| 21650 Oxnard Street, Suite 500 | |
| Woodland Hills, CA 91367 | |

**BY REGULAR U.S. MAIL:**

☒    As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**AND BY E-MAIL:**

☐    A true and correct copy of the document set forth above was sent via e-mail to Steven J. Cologne, Esq. at scologne@higgslaw.com and to Robert J. Fitzpatrick, Esq. at fitzpatrickr@higgslaw.com, attorneys for plaintiffs, and to Richard L. Mann, Esq. at rmann@ebg-law.com, attorney for Defendant Premier Incentive Group, LLC.

Executed on July 8, 2011, at Los Angeles, California.

☒ (State)     I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

NANCY L. LUIS

_____
SIGNATURE

EXHIBIT 19
PAGE 193

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590



Recycled Paper

BLUEBIRD
(310) 477-0700

**EXHIBIT 20**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 325 S. Melrose |
| MAILING ADDRESS: | 325 S. Melrose |
| CITY AND ZIP CODE: | Vista, CA 92081 |
| BRANCH NAME: | North County |
| TELEPHONE NUMBER: | (760) 201-8028 |

**RECEIVED**

AUG 1 2 2011

**GGFCMK**

PLAINTIFF(S)/PETITIONER(S)/APPELLANT(S): R & R Sails, Inc

DEFENDANT(S)/RESPONDENT(S): Premier Incentive Group, LLC et.al.

Short Title: R & R Sails, Inc vs. Premier Incentive Group, LLC

| **NOTICE OF HEARING** | CASE NUMBER:<br>37-2011-00053159-CU-BT-NC |
|---|---|

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above.  All inquiries regarding this notice should be referred to the court listed above.

| **TYPE OF HEARING** | **DATE** | **TIME** | **DEPT** | **JUDGE** |
|---|---|---|---|---|
| Civil Case Management Conference | 09/09/2011 | 10:00 am | N-28 | Earl H. Maas, III |

Counsel: Check service list.  If you have brought a party into this case who is not included in the service list, San Diego Superior Court Local Rules, Division II, requires you to serve the party with a copy of this notice.

A case management statement must be completed by counsel for all parties or parties in pro per and timely filed with the court at least 15 days prior to the initial case management conference.  (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR options.



EXHIBIT 20
PAGE 194

SUPCT CIV-700 (Rev. 12-06) | **NOH - NOTICE OF HEARING** | Page: 1

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

North County
325 S. Melrose
Vista, CA 92081

**SHORT TITLE:** R & R Sails, Inc vs. Premier Incentive Group, LLC

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: |
|---|---|
| | **37-2011-00053159-CU-BT-NC** |

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF HEARING was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The certification occurred at <u>Vista</u>, California on <u>08/09/2011</u>. The mailing occurred at <u>Sacramento</u> on <u>08/10/2011</u>.

Clerk of the Court, by:  _____, Deputy

NORMAN  H LEVINE
GREENBERG GLUSKER FIELDS CLAMAN &
MACHTINGER,
1900  AVENUE OF THE STARS  # 21ST FLOOR
LOS ANGELES, CA 90067-4590

RICHARD  L MANN
EZRA BRUTZKUS GUBNER LLP
21650  OXNARD STREET, SUITE 500
WOODLAND HILLS, CA 91367

STEVEN  J COLOGNE
HIGGS, FLETCHER & MACK LLP
401  WEST A ST., STE. 2600
SAN DIEGO, CA 92101

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**



EXHIBIT 20
PAGE 195

SUPERIOR COURT OF CALIFORNIA
SAN DIEGO COUNTY
325 S. Melrose
Vista, CA 92081

415.CRT37-20110810.S11
NORMAN  H LEVINE
GREENBERG   GLUSKER  FIELDS CLAMAN &
MACHTINGER,
1900 AVENUE  OF THE  STARS  # 21ST FLOOR
LOS  ANGELES, CA 90067-4590



EXHIBIT 20
PAGE 196